## BEAN v. PATTERSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DIVISION OF THE WESTERN DISTRICT OF MISSOURI.

Argued April 18, 19, 1887. — Decided May 23, 1887.

The court, being satisfied that the conveyance of real estate by the husband, when insolvent, to a trustee for the benefit of his wife, (which is assailed in this suit,) was made in good faith to secure an indebtedness from him to her for sums previously realized by him from sales of her individual property, sustain it, as coming within the doctrine, well settled here, that while such a deed, made under such circumstances, is not valid if its sole purpose is to secure the wife against future necessities, it is, if made to secure a prior existing indebtedness from the husband to the wife, as valid as if made to secure a like indebtedness to any other of his creditors.

In equity to set aside a deed as fraudulent. Decree dismissing the bill. Plaintiff appealed.

The case is stated in the opinion of the court.

*Mr. James S. Botsford,* (with whom was *Mr. M. T. C. Williams* on the brief,) for plaintiffs in error cited: *Thompson* v. *Thompson,* 19 Maine, 244; *Harris* v. *Exchange Bank,* 4 Dillon, 133; *Seitz* v. *Mitchell,* 94 U. S. 580; *Baldwin* v. *Whitcomb,* 71 Missouri, 651; *Henderson* v. *Henderson,* 55 Missouri, 554; *Parish* v. *Murphree,* 13 How. 92; *Fisher* v. *Lewis,* 69 Missouri, 629; *Kesner* v. *Trigg,* 98 U. S. 50; *Hamlin* v. *Jones,* 20 Wis. 536; *Sloan* v. *Torry,* 78 Missouri, 623; *Bauer* v.

*Bauer,* 40 Missouri, 61; *Boatman's Savings Bank* v. *Collins,* 75 Missouri, 280; *In re Jones,* 6 Bissell, 68; *Earl* v. *Champion,* 65 Penn. St. 191; *Clark* v. *Rosenkrans,* 31 N. J. Eq. (4 Stewart) 665; *Howe* v. *Colby,* 19 Wis. 583; *Eddy* v. *Baldwin,* 23 Missouri, 596; *Eddy* v. *Baldwin,* 32 Missouri, 369; *Potter* v. *McDowell,* 31 Missouri, 62; *Pawley* v. *Vogel,* 42 Missouri, 291; *Woodford* v. *Stephens,* 51 Missouri, 443; *Stivers* v. *Home,* 62 Missouri, 473; *Kidwell* v. *Kirkpatrick,* 74 Missouri, 214; *Leavitt* v. *Laforce,* 71 Missouri, 353.

*Mr. G. G. Vest* for appellees cited: *Lloyd* v. *Fulton,* 91 U. S. 479; *Smith* v. *Vodges,* 92 U. S. 183; *Sexton* v. *Wheaton,* 8 Wheat. 229; *Mattingly* v. *Nye,* 8 Wall. 370; *Trust Co.* v. *Sedgwick,* 97 U. S. 304; *Moore* v. *Page,* 111 U. S. 117; *Clark* v. *Killian,* 103 U. S. 766; *Lane* v. *Kingsbury,* 11 Missouri, 402; *Payne* v. *Stanton,* 59 Missouri, 158; *Burgess* v. *McLean,* 85 Missouri, 678; *Gould* v. *Hill,* 18 Ala. 84; *Heck* v. *Clippenger,* 5 Penn. St. 385; *Tyson's Appeal,* 10 Penn. St. 220; *Hartley* v. *Hurle,* 5 Ves. 540; *Tyler* v. *Lake,* 2 Russ. & Myl. 183; *Neimcewicz* v. *Gahn,* 3 Paige, 614; *S. C.* 11 Wend. 312; *Johns* v. *Reardon,* 11 Maryland, 465; *Terry* v. *Wilson,* 63 Missouri, 493; *Payne* v. *Twyman,* 68 Missouri, 339; *Wilcox* v. *Todd,* 64 Missouri, 388.

MR. JUSTICE FIELD delivered the opinion of the court.

This is a suit in equity to set aside as fraudulent and void, as against the plaintiffs and other creditors of the defendant, William Miller, a deed of 920 acres of land in Atchison County, Missouri, executed by him and Mary Miller, his wife, to William L. Patterson, as trustee, to secure to her an alleged debt of $16,000. The deed bears date on the 10th of November, 1873, and recites the indebtedness to her of William Miller in the amount stated, with interest from June 25, 1871, " being the sum realized and received by said William Miller from the sale of the individual property of the said Mary Miller, and used by him in payment for the real estate hereinbefore mentioned and described, and to secure the in-

debtedness of the said William Miller on account thereof, which said sum of $16,000, with interest thereon, is due and payable on the 25th day of June, A.D. 1876."

It appears that William Miller was, in 1857, and for some years afterwards, a merchant in Catasauqua County, Pennsylvania, and was successful in business there. Subsequently he became a contractor for the raising of mineral ores in that state, and at a later period was engaged in building the Lehigh and Susquehanna Railroad. In 1868 he was a contractor on the Union Pacific Railroad. In this business he made large sums of money. In 1873 he had a contract for building the whole or part of the Chicago and Atlantic Railway in Ohio, and, on the 20th of August of that year, he sublet to the plaintiffs the construction of twelve miles of the road. By the terms of his contract with them he was to pay for the work of each month during the following month, after the receipt of the estimate of the work by the engineer in charge. The work, as thus estimated for the months of September and October of that year, amounted to $7153, and the subsequent work in that and the following year carried this amount to about $14,000. For the indebtedness thus incurred the plaintiffs brought suit in the Circuit Court of Atchison County and sued out a writ of attachment, which was levied upon the land embraced in the trust deed to William L. Patterson. Judgment was recovered in that suit for $14,000, but to the enforcement of the attachment the trust deed to Patterson was in the way, and, in order that the attachment might be enforced by a sale of the land, the present suit was commenced to set the deed aside.

The truth of the recital, that the indebtedness, to secure which the deed was executed, was for sums realized and received by William Miller from the sale of the individual property of Mary Miller, is assailed, and the statement averred to be false, and the instrument charged to have been executed to defraud the plaintiffs and other creditors of Miller.

In support of the truth of the recital several deeds of valuable property to Mrs. Miller, executed and delivered in 1865, 1866 and 1868 were produced, and the property shown to

have been afterwards used to pay the debts of William Miller. Thus, on the 9th of November, 1865, she received a deed from one Thomas and wife of a certain tract of ground in Catasauqua, Pennsylvania, reciting a consideration of $8050. On February 26, 1866, she received a deed from Horn and wife of another tract of land in the same place, for the alleged consideration of $1200. On April 1, 1868, she acquired a further piece of property in that place by deed from one Kooms and wife, reciting a consideration of $6000. These three deeds were for "her only proper use and behoof."

It is conceded that William Miller, the husband, furnished the money with which these several tracts were purchased. That fact does not affect the validity of the deeds, nor the right of the wife to hold the property for her own use. He was at the time possessed of ample means, beyond any claim against him. Indeed, it does not appear that he was then in debt at all, and, as we said in *Jones* v. *Clifton*, 101 U. S. 225, 227; "The right of a husband to settle a portion of his property upon his wife, and thus provide against the vicissitudes of fortune, when this can be done without impairing existing claims of creditors, is indisputable. Its exercise is upheld by the courts as tending not only to the future comfort and support of the wife, but also, through her, to the support and education of any children of the marriage. It arises, as said by Chief Justice Marshall, in *Sexton* v. *Wheaton*, 8 Wheat. 229, as a consequence of that absolute power which a man possesses over his own property, by which he can make any disposition of it which does not interfere with the existing rights of others." And in *Moore* v. *Page*, 111 U. S. 117, we said: "It is no longer a disputed question that a husband may settle a portion of his property upon his wife if he does not thereby impair the claims of existing creditors, and the settlement is not intended as a cover to future schemes of fraud. The settlement may be made either by the purchase of property and taking a deed thereof in her name, or by its transfer to trustees for her benefit."

On the 14th of February, 1870, Mrs. Miller also received a deed of a tract of land in Atchison County, Missouri, from

Ramsey and wife, containing, as represented, about 520 acres, and called the Ramsey farm. The consideration of this deed is stated to have been $11,000.

In this case it appears that a portion of the claim of the plaintiffs, amounting to $7153, was due when the deed of trust was executed, and also that William Miller was at that time insolvent. If, therefore, there had been no other consideration for the deed than a desire to secure for his wife provision against the necessities of the future, it could not be sustained. It must find its support in the fact alleged in the recital, that the amount secured was a sum realized from the sale of her individual property, and used by him. It is not material whether the recital be accurate in stating that the sum received from the sale of her property was used in payment of the real estate covered by the deed; it is sufficient if Miller was indebted to his wife in the amount mentioned. That the property in Pennsylvania, deeds of which are mentioned above, was used for his benefit, and to pay or secure his debts, is sufficiently established. The amount realized therefrom, as we read the evidence, was greater than the sum named in the trust deed as due to her. That deed for her security stands, therefore, upon full consideration. Had it been given to a third party for a like debt, it would not be open to question that it would have been unassailable. The result is not changed because the wife is the person to whom the debt is due and not another. While transactions by way of purchase or security between husband and wife should be carefully scrutinized, when they are shown to have been upon full consideration from one to the other, or, when voluntary, that the husband was at the time free from debt and possessed of ample means, the same protection should be afforded to them as to like transactions between third parties.

In reaching this conclusion we do not treat the Ramsey farm in Missouri as having become the separate property of Mrs. Miller by the conveyance being taken in her individual name; and therefore have no occasion to consider whether, under the decisions of the Supreme Court of that state, it could be protected from the creditors of her husband.

This conclusion, with reference to the deed of trust, renders it unnecessary to consider the numerous transactions of William Miller in the purchase and sale of property, and in his dealings with his creditors. They are not always as susceptible of explanation as would be desirable. It is enough, however, that they do not weigh down the considerations we have mentioned.

*The decree is affirmed.*