Mr. Chief Justice Alvey
delivered the opinion of the Court:
These are cross-appeals, and they are brought into this court from the general term of the Supreme Court of the District of Columbia, under the act of Congress providing for the organization of this court.
The bill was filed by Robert C. Hewett, a judgment creditor of the late Ira.N. Burritt, since deceased, against said Burritt and his wife, Elizabeth A. Burritt, and J. O. Stanton as trustee, for the purpose of having vacated and set aside upon the ground of fraud, certain deeds of trust or chattel mortgages made by the husband to Stanton, the trustee, for the professed purpose of securing the wife the payment of *233 money advanced and loaned to her husband from time to time, from her own separate estate. The bill makes grave charges of fraud and combination as against the husband and wife, for the purpose of cheating the creditors of the husband. But these charges have been met and denied by very explicit and emphatic, answers of both husband and wife.
During the progress of the cause, both the complainant and the defendant husband died, and their personal representatives have been made parties in their stead.
There are two deeds involved. The first was made the 21st of September, 1876, in which are described several promissory notes for various amounts, and to become due at different times, the aggregate amount of which is $9,-146.20. The second is dated the 19th of May, 1888, and is to secure the aggregate sum of $12,986, this sum including the amount intended to be secured by the previous deed of trust of the 21st of September, 1876; and both deeds appear to have been duly executed and recorded. Why the last deed should have been made to embrace the indebtedness intended to be secured by the first, both deeds appearing to be of the same property- and nothing more, is not very apparent. But the bill of complaint seems to be specially directed in its attack upon the deed of the 19th of May, 1888. The bill prays specifically for the vacation of that deed, and for such general relief as may be proper on all the facts alleged.
A good deal of testimony was taken designed to reflect upon the question of the bona fides of the deeds of trust in favor of the wife.
Upon the hearing, the learned justice below passed a decree whereby both deeds were sustained, but not for the full amounts intended to be secured. The decree disallows a note for $4,200, mentioned and intended to be secured in the first deed, that of the 21st of September, 1876. This note, as it is inferred, was for money received by the husband from the wife, or as the proceeds of her property, prior to the 10th of April, 1869, as the note for that amount bears *234 interest from July 30, 1868. And that being so, money so received by the husband, as the law of this District stood prior to the act of Congress of the xoth of April, 1869, known as the Married Woman’s Act, was the property of the husband by operation of law, and hence not the consideration for a note or promise by the husband to his wife. If by any prior arrangement or settlement the money, or the property of which the money was the proceeds, had become the separate estate of the wife, it was incumbent upon her to establish the fact by clear proof. Seitz v. Mitchell, 94 U. S., 580, 583. And we think the learned justice below was well warranted in the inference made by him that the money was obtained from the wife prior to the passage of the act of Congress of the 10th of April, 1869; and that there is an entire absence of evidence such as the law requires, to show that such money was any part of her sole and separate estate. We therefore affirm the decree to this extent.
But the decree proceeds to declare “ that the deed of trust of May 19, 1888, is valid and effective against the complainants for at least fifteen hundred and forty dollars, with interest from December 20, 1886, of moneys alleged to be advanced to the defendant Ira N. Burritt, by the defendant Elizabeth A. Burritt, after the deed of September 21, 1876, and prior to the deed of May 19, 1888; and for the moneys so advanced by her and secured by prior deeds of trust, it is ordered by the court that this cause, with pleadings and proofs, be, and the same is hereby referred to the auditor of the court to ascertain and report to the court what amount of money is now due to the said Elizabeth A. Burritt under this decree, with interest to the date of his report, excluding the aforesaid forty-two hundred dollars and all moneys alleged to be advanced after September 21, 1876, and unsecured by prior trust, except the said fifteen hundred and forty dollars; and whether or not a public sale of the property in controversy has been made by the defendant Stanton as trustee, under the said deeds of trust of 1876 and 1888, herein referred to; and, if a sale shall have been made, to *235 report to the court in what manner the proceeds of sale were distributable and distributed.”
From that portion of this decree that excludes all moneys alleged to have been advanced after September 21, 1876, and unsecured by prior trust, except the $1,540, we must dissent. Whatever money is shown to have been advanced by the wife to the husband after September 21, 1876, and prior to the deed of the 19th of May, 1888, we think ought to be allowed. In the absence of satisfactory evidence to the contrary, the presumption would be that such money was the separate estate of the wife, within the meaning and protection of the act of Congress of the 10th of April, 1869. We find nothing in the evidence in the case that justifies the exclusion of such advances, if they be found to have been made. There was no lien upon the property in favor of the complainant; and the equity of the wife was as good as that of any other creditor, for such money as was actually due her; and the husband had a perfect right to secure his wife in the payment of the money due her, if done in good faith. Hitz v. Bank, 111 U. S., 723, 726; Stickney v. Stickney, 131 U. S., 227, 239; Bean v. Patterson, 122 U. S., 496. The deed of trust of the 19th of May, 1888, is not specific or definite as to the exact dates or in what amounts such advances were made; but under the reference to the auditor, the specific amounts and the dates when advanced can be ascertained.
But after all, there would seem to be nothing practical or beneficial to be obtained by the appeals that have been prosecuted from the decree of the court below. It is stated in the brief of one of the parties, and not controverted by the other, that the property embraced in the deed of trust, being the contents of a newspaper establishment, had been sold by the trustee for the sum of $10,000; and the amounts allowed to Mrs. Burritt by the decree appealed from, with the accumulated interest thereon, together with prior incum-brances, will considerably more than exhaust the fund produced by the sale, after deducting all costs and expenses attending the trust.
*236 We shall affirm the decree in part and reverse it in part, in accordance with the foregoing opinion, and remand the cause that it may be proceeded with accordingly. There being cross-appeals, the party appellant or appellants in the respective appeals will pay one-half the costs of such appeals, so that the costs of the whole record be equally divided between the parties.

Decree affirmed in part and reversed in part, and the cause remanded.