## SHANNON V. BAUMER.

1. WAGER. A party depositing and losing money on a wager may recover the same in an action against the stakeholder before it is paid over to the winner.

### Appeal from Johnson District Court.

### THURSDAY, DECEMBER 22.

THE plaintiff brought an action against the defendant for money deposited with him by the plaintiff on a wager. Judgment for defendant and plaintiff appeals.

*Templin & Fairall* for the appellant, cited *Stacy* v. *Foss*, 1 Appleton 335 ; *Forest* v. *Hart*, 3 Murphey 458 ; *Vischer* v. *Yates*, 11 John. 23 ; *McAllister* v. *Gallagher*, 3 Penn. 468 ; *Hostelow* v. *Jackson*, 8 B. & C. 221 ; *Smith* v. *Beckmore*, 4 Taunt. 474 ; *Edgar* v. *Fowler*, 3 East. 222 ; *Mount* v. *Wardell*, 7 John. 434 ; *Wheeler* v. *Spencer*, 15 Conn. 28 ; *McAllister* v. *Hoffman*, 16 Serg. & R. 147 ; *Moore* v. *Tripp*, 1 Spencer 263 ; *Humphreys* v. *Meyers*, 13 Mo. 435 ; *Tarleton* v. *Baker*, 18 Verm. 9.

*Clark & Bro.* for the appellee, relied upon 1 Com. 396 ; Broom's Leg. Max. 566 ; 12 John. 1 ; Code of 1851, section 2724.

WRIGHT, C. J.—This case presents but one question, can a party depositing and loaning money upon a wager recover the same from a stakeholder before the same has been paid over to the winner. The District Court held that he could not and gave judgment for the defendant for costs.

Defendant relies upon section 2724 of the Code, which provides, "All promises, agreements, notes, bills, bonds or other contracts, mortgages or other securities, when the whole or any part of the consideration thereof is for money or other valuable thing; won or lost, laid, staked or bet at or upon

Shannon v. Baumer.

any game of any kind, or on any wager, are absolutely void and of no effect." In our opinion the argument drawn from this section which denies the right of the plaintiff to recover, mistakes the object, policy and meaning of the statute. Two propositions are clearly deducible from the language used : The *first* is that the statute was primarily and mainly designed to give the rule in actions brought by the receiving against the losing party upon such contracts. The *second*, and for the purpose of the present inquiry, material one, is that all such promises, agreements, &c., *are absolutely void and of no effect.*

Being thus void, the party depositing has a right to so treat it, and to elect to recall his money before it is paid over. It is because the agreement upon which it was deposited with the stakeholder, is *void*, that the party betting may treat it as no contract, and recover his money. The title to the money is not and can not be changed by such a contract, and if either party disaffirms the unlawful transaction he may recover from the intermediate stakeholder.

The doctrine that the parties are *in pari delicto*, and the rule, *potior est conditio possidentis*, has no application. It might apply if the action was by the loser against the winner, after the money was paid over. It is otherwise, however, as to the stakeholder. He is no party in interest to the illegal contract. He is not *in pari delicto*. He is not equally criminal with the plaintiff, but is the mere bailee or agent of the parties to hold money, the title to which has not been changed. The plaintiff does not seek to recover upon a *promise*, which, within the meaning of the statute, is a void promise, but upon the ground that he elects to disaffirm the unlawful contract, and to recall his money while it, so to speak, is *in transitu*. This he may do without the violation of any rule of either law or morals.

Judgment reversed.