## THRIFT V. REDMAN.

1. SWORN PLEADINGS: SET-OFF. A set-off is not a pleading within the meaning § 1745 of the Code of 1851, and when sworn to, even as an answer demanded under oath, has no weight as evidence.

2. ERROR WITHOUT PREJUDICE. The judgment of the court below will not be reversed because of an error in excluding evidence when such ruling did not result in prejudice to the appellant.

3. CONVERSATION IN PRESENCE OF A JUROR. When a witness, after he had testified and before the trial was concluded, had a conversation with several persons, in the presence of one of the jurors, in which he stated some material matters not elicited in the examination, which conversation occurred without any knowledge on the part of the witness of the presence of the juror; and the witness was recalled before the conclusion of the trial, and was interrogated as to the matters detailed in the conversation; it was held that the circumstances did not constitute sufficient ground for a new trial.

4. GAMING. Money lost in gaming and paid to the winner cannot be recovered back.

*Appeal from Boone District Court.*

TUESDAY, APRIL 8.

THIS was an action to recover an amount paid by plaintiff as surety for the defendant, upon a note executed by the parties, to one Ferdinand Grether. The other material facts are stated in the opinion of the court.

*James M. Ellwood,* for the appellant, contended:

1. That as the demurrer was to the whole answer, and as all but one count of the answer is admitted to be sufficient, it should be overruled. *Cochran* v. *Scott,* 3 Wend. 229; *Glover* v. *Tuck,* 24 Id. 153; *Chambers* v. *Lathrop,* Morris R. 102; *Sample* v. *Griffith,* 5 Iowa, 376; *The State of Iowa* v. *Foster,* 2 Iowa R. 559. 2. That the set-off was a part of defendant's pleading within the meaning of sec. 1745, Code of 1851, (see "Pleading" Bouvier's Law Dict.) 3. The court erred in excluding the evidence offered by the

VOL. XIII. 4

defendant to show a set-off of moneys received by plaintiff of defendant as money won at gaming. Story Cont., sec. 565, and the cases cited; Code of 1851, section 2723. 4. The court erred in overruling the motion for a new trial.

*Casady & Polk* for the appellee.

I. The demurrer was not to the whole answer, but struck only at so much of the same as claimed to recover money lost at gaming. The whole answer is contained in one count, and the demurrer strikes only at a portion. The subsequent · proceedings· show that defendant had a trial on the other parts of his answer, and was not prejudiced by such ruling. Money lost at a game of cards cannot be recovered back. *Sipe & Finarty*, 6 Iowa, 394; *Marienthal et al.* v. *Shaeffer et al.*, Id. 223; *Davis* v. *Bronson*, Id. 410.

II. The court did not err in refusing to grant a new trial. *Cook & Owsley* v. *Walters*, 4 Iowa, 72.

WRIGHT, J.—I. Petition calls for a sworn answer. Defendant, after answering in denial, and various other matters, pleads a set-off, all of which was duly verified. On the trial, he claimed that "the allegation setting up the new matter by way of set-off," being sworn to, must be received as evidence of equal weight with that of a disinterested witness. This position was overruled, and properly. A set-off is not a pleading, within the meaning of § 1745 of the Code. *Gilbert* v. *Mosier*, 11 Iowa, 498.

II. It is claimed that the court erred in excluding a portion of the answer to an interrogatory in the deposition of the witness Carroll. Upon principle, we are inclined to think that the ruling was erroneous. But if so, it was error without prejudice, and cannot therefore avail appellant. If it had been received, it could legitimately have had no possible weight with the jury. The witness refers to a note of $100, manifestly another and different one

from that involved in this controversy, which is for $213.-50, and the only one with which the jury had anything to do.

III. One Keeler was a witness in the cause. After he had testified, and before the trial was concluded, (during a recess of court,) he had a conversation with several persons, in which he stated some material matters, not elicited in his examination. One of the jurors was present, (but of this witness had no knowledge,) and heard the conversation, but took no part in it. Subsequently this witness was recalled for some purpose, and before leaving the stand was interrogated by this juror, as to the same matter detailed in the conversation, which the witness proceeded to state. There was no objection to this testimony at the time, but a motion for a new trial was made upon the ground, among others, that defendant was prejudiced by this out-door conversation in the presence of the juror. There was no error in the action of the court in overruling the motion. The matter stated by the witness was quite as favorable to defendant as plaintiff. Then there was no improper conduct on the part of the juror. And finally the whole matter was subsequently detailed in court, when both parties had ample opportunity to cross-examine and test the truth of the witness' statement.

IV. Defendant claims by way of set-off, the sum of $1,095, for money lost by him and won by plaintiff on a game of cards. A demurrer to this part of the answer was sustained. Defendant now insists that the demurrer was improperly sustained; *first*, because it was to the whole answer; some parts of which are admitted to be good. We do not so understand the record. The demurrer was directed to this particular clause in the answer, and as to all the others defendant had a trial before the jury. But in the second place, it is insisted that the demurrer should have been overruled because defendant was entitled to re-

cover this money. We understand that the money had been actually paid over to the winner. If so, the rule, "*in pari delicto potior est conditio defendentis*" applies, and the money cannot be recovered back. Smith on Const., 171, n. 1; *McHatton* v. *Bates*, 4 Blackf. 63; *Danforth* v. *Evans*, 16 Vermont, 538; *Hickerson* v. *Benson*, 8 Mo. 8; *Allen* v. *Dodd*, 4 Humph. 131; *McAllister* v. *Hoffman*, 16 S. & R. 148; *Thomas* v. *Crorise*, 16 Ohio, 54; *Brown* v. *Ricker*, 4 John. 426; *McCullum* v. *Gourlay*, 8 Id. 147; *Houser* v. *Hancock*, 8 T. R. 575; *Godsall* v. *Bolden*, 2 Smith's L. Cas. 250, and note.

· V. It is finally claimed that the judgment is excessive. And this point is well taken. Plaintiff claims for money paid for defendant upon a note, as his surety. He was entitled to six and not ten per cent interest on this, from the time of payment. It is manifest that he was allowed the higher rate. The judgment will be corrected, the excess ($22.12) deducted, and plaintiff moving therefor, judgment entered in this court for the proper amount, appellee paying the costs of the appeal.