## MYERS v. SMITH.

1. FINDING BY THE COURT. A finding by the Court, under § 3088 of the Revision of 1860, should state the facts found and not the evidence upon which they are found.

2. PARTNERSHIP: PAYMENT. When a copartnership was by written agreement dissolved, one partner contracting to pay all copartnership debts, and after such dissolution the other partner paid one half of the amount due on an outstanding judgment against the firm, after execution had issued thereon, it was held that the copartner who assumed the liability of the firm under the agreement of dissolution was liable for the amount thus paid.

3. SAME: INTEREST. The written agreement being silent as to interest, the plaintiff is entitled to recover on the amount so paid, interest at six per cent.

*Appeal from Mahaska District Court.*

MONDAY, OCTOBER 12.

THIS cause was submitted to the Court below, and the following facts found: Plaintiff and defendant were members of and composed the firm of W. S. Smith & Co., doing a banking business prior and subsequent to October 1st, 1857. On that day, defendant, with the advice and consent of plaintiff, in the firm name, executed a note, as joint makers, with other parties, to one Kemper for $817.40, payable June 1st, 1858, with interest at ten per cent. Kemper sued and recovered judgment in September, 1860, against all the makers of said note. On the

first of January, 1858, this partnership was dissolved. An agreement to that effect was drawn, " which article (in the language of the finding) is copied in the plaintiff's petition and made a part thereof." An execution issued on the Kemper judgment, which was returned, "no property found," as to the other parties. Defendant thereupon paid one half thereof and plaintiff the other. At the time of the dissolution, the Kemper debt was a valid and legal claim against the firm, and was not reserved from their settlement. Nothing was said about it, nor was it referred to as an item in said settlement, except as it may be legally embraced in the written contract.

This action is brought to recover the amount paid by plaintiff on said Kemper debt. The Court found that by the terms of the written agreement, defendant assumed to pay the whole of said liability, that plaintiff, having paid one half of it, was entitled to recover the same of defendant with ten per cent interest from time of payment, to wit: November 8th, 1860. Defendant appeals.

*Seevers & Williams* for the appellant.

*Z. T. Fisher* for the appellee.

WRIGHT, J.—As we understand appellant's position, he does not claim that by the terms of the settlement, or the agreement to dissolve the partnership, he would not be liable to plaintiff, but that the facts as found by the Court are insufficient to warrant the judgment.

The parties in their partnership name executed the note to Kemper. Plaintiff paid one half of it and seeks to recover this sum of defendant. Aside from some agreement, or something to take the case out of the ordinary rule, it is true, as claimed by appellant, that the partnership property should have paid the debt, or if not, then each partner should pay one half. Plaintiff having paid

one half, cannot recover it of defendant, unless it ap pears, as he claims in his petition, that he so promised and undertook. And appellant insists, that as the Court did not find this fact, the judgment is erroneous.

It is the facts which·are to be found by the Court, and not the evidence of the facts, under § 3088 of the Revision of 1860. And it seems to us that the error of appellant's argument is, that while he insists upon this rule, he mistakes or misconstrues the language of the decision or finding. The ultimate fact is found most clearly, while the evidence upon which that fact is based is not set out. Thus it is found that there was a written agreement entered into between the parties at the time the partnership was dissolved, which is copied in and made a part of plaintiff's petition. Now this identifies the agreement with as much certainty as if it had been embraced in the finding itself. The fact that it follows as an exhibit to the petition (and the only one annexed) instead of being copied therein, is entirely immaterial. It was there found, that by the terms of said agreement, defendant assumed to pay the whole of said Kemper liability. Now the question is not whether this ultimate fact,·or this finding, was warranted by the evidence, but whether upon the facts thus found the judgment was warranted. And upon this subject it seems to us there can be no doubt. If the finding had contained further particulars, while it might have found more facts, it would have been more likely to have dealt in the evidence upon which the conclusion was based. The facts found are: a partnership; a partnership liability to Kemper; a dissolution upon written terms set out in a certain· paper; the payment by plaintiff to Kemper; and conclusion founded thereon that defendant was liable. If the judge had found in addition, that by the terms of said written agreement, defendant assumed certain liabilities as pertaining to this debt, appellant would have no ground whatever

upon which to base an argument. But it is difficult to see why the same thing is not substantially done in the finding before us. In *Baurs* v. *Williams*, 11 Wheat., 415, the special verdict, to which these "findings" by the Court are assimilated, was defective in stating the evidence of the fact, and not the fact itself. The jury might there have found the fact, but as they did not, the Court could not upon such special verdict intend it. And because the case was so imperfectly stated, the cause was remanded. That case is not this.

So in *Sisson* v. *Barrett*, 2 Comst., 406, plaintiff sought to recover an amount of money which he claimed to have paid as a surety for defendant. But that fact was not found. Or if surety for any one, it was not found whether for both of the other makers, or as joint surety with the defendant, for the party first signing the note. Until these facts were found, and not left merely to be inferred from the evidence, no presumption of liability, under the law arose upon which to base a judgment. Here the very fact is found, while the evidence of the fact is not set out.

I. Appellant mistakes the record when he assumes that it does not appear when plaintiff paid the money on the Kemper judgment. It is clearly stated that it was paid November 8th, 1860. Whether the sum paid covered one half of the costs incurred on the execution, as well as those made before does not appear. If it did, there is no good reason why he should not recover the same of defendant. Under their agreement, it was defendant's duty to pay this debt, and if he failed to do so, he should respond to plaintiff for all necessary costs paid by him, whether they were made before or after execution.

II. Plaintiff recovered $521.82, the amount paid on the Kemper judgment, with ten per cent from November 8, 1860. This was erroneous. There is nothing in the entire record tending to show that defendant undertook

in writing or otherwise to pay this rate of interest. (Revision, §§ 1787, 1788; *Thrift* v. *Redman*, 13 Iowa, 25.) The judgment will be corrected, the excess deducted and judgment entered in this Court, appellee paying the costs of appeal.