## OKERSON v. CRITTENDEN.

| 62 | 297 |
| 106 | 694 |

| 62 | 297 |
| 133 | 506 |

| 62 | 297 |
| 141 | 613 |

1. **Wager:** LIABILITY OF STAKEHOLDER TO LOSING PARTY.   Where the
parties to a wager have agreed that the stakeholder shall determine who
has won the wager, and pay the stakes to the winning party, the stake-
holder may rely upon the agreement, and pay the stakes to the party in
whose favor he decides, unless, before the payment is made, the losing
party renounce the wager and demand his money; but a demand of the
stakes, on the ground that he has won the wager, is not a repudiation
of the wager, and will not render the stakeholder liable for payment to
the other party.

*Appeal from Montgomery Circuit Court.*

SATURDAY, DECEMBER 8.

PLAINTIFF and another person made a wager.   The defend-
ant was stakeholder, and the plaintiff seeks to recover of him
the amount the plaintiff deposited in his hands.   Judgment
was rendered for the defendant, and the plaintiff appeals.

*Z. T. Fisher & Z. T. Fisher, Jr.*, for appellant.

*C. E. Richards*, for appellee.

SEEVERS, J.—I.   The amount in controversy being less
than one hundred dollars, two questions have been certified
upon which it is said to be desirable to have the opinion of
the supreme court.   The questions are as follows:

" 1.   Can a stakeholder of money, pending the determination of a bet between two parties, who is at the same time made umpire to decide which of the parties is the winner, and to pay the money to the winning party, exonerate himself by paying over the money, without further securing the consent of the losing party to pay the same to the declared winner, upon the determination of the fact as to which party won?

" 2.   Whether the declaration of the party declared to be the loser, made to the stakeholder, that he is the winner of the bet, and a demand of the entire stake, is such a demand as to amount to a revocation of a bet, rendering a stakeholder liable, in paying the money to the other party thereafter?"

The defendant, as stakeholder, was to determine who had won the wager.   He did so, and paid the money to the winner.   Can the plaintiff recover of the defendant, is the question to be determined under the first of the above questions.

It has been held that, where the stakeholder has been notified not to pay over the wager, and he has not done so at the time he is notified, then a recovery may be had.   *Shannon v. Baumer*, 10 Iowa, 210; *Thrift v. Redman*, 13 Id., 25; *Adkins v. Flemming*, 29 Id., 122.

The case before us is materially different from the foregoing; for the appellant insists, and the first of the above questions implies, that, before the stakeholder can exonerate himself from liability, he must have obtained the consent of the losing party to pay the amount wagered to the winner.   We understand the rule to be:   "Although the wager be illegal, if the stakeholder has paid it over to the winner before notice or demand against him by the loser, he is exonerated."   2 Parsons on Contracts, 627.

When the wager was made, both parties consented that the amount wagered should be paid to the winning party, and it was not essential that such consent should be given again. The first question must be answered in the affirmative.

II. The plaintiff, as we understand, demanded the whole amount wagered of the stakeholder, on the ground that he had won the wager. This cannot be regarded as a revocation or repudiation of the wager. Nor can it be regarded as a notice to the stakeholder not to pay the amount placed in his hands by the plaintiff. No demand was made on the stakeholder for the amount the plaintiff placed in his hands. This he was required to do before the stakeholder could be made liable.

The second question must be answered in the negative.

AFFIRMED.