(January 10, 1898.)

## BROWN, ADMINISTRATOR, v. PERRAULT.

[51 Pac. 752.]

SETTING ASIDE SALE—INTENT TO DEFRAUD CREDITORS—SECTION 5558 OF THE REVISED STATUTES CONSTRUED.—To set aside a sale by a decedent, under the provisions of section 5558 of the Revised Statutes of Idaho, it must be shown that such sale was made with intent to defraud creditors, and where the existence of such intent is disclaimed by the plaintiff the sale will not be disturbed.

SAME.—Section 3019 of the Revised Statutes has no application to sales of real property.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett and T. D. Cahalan, for Appellant.

The deed in question was and is void, and no matter what the reasons prompting Kelly to make the transfer may have been, or how pure his motives or honest his intentions, the deed can-

not be allowed to stand and his creditors to go unpaid. Section 3022 then cannot apply, and there was no necessity to allege or prove fraudulent intent. All that the plaintiff was required to do was to prove the execution or delivery of the deed of gift and the indebtedness of the decedent at the time it was given and the insufficiency of the assets of the estate to pay the debts. All of this was done, and we submit that the plaintiff should recover. The real motives of the parties to a voluntary conveyance are immaterial, where the effect of the conveyance is to hinder and delay creditors. (*McKeown v. Allen,* 37 Fla. 490, 20 South. 556; Bump on Fraudulent Conveyances, 271 et seq.; Wait on Fraudulent Conveyances, 48, 49; Kerr on Fraud and Mistake, 196 et seq.) A conveyance of lands made without a substantial valuable consideration, while the grantor is in debt, unless it be to wife or child, is void as against existing creditors. A voluntary conveyance to a wife or child is good, if the grantor has sufficient property left to secure existing creditors. If insolvent, the deed can be avoided by existing creditors, but subsequent creditors cannot avoid them, unless there has been an actual fraudulent intent. (5 Am. & Eng. Ency. of Law, 437, 438, and notes; *Jacox v. Jacox,* 40 Mich. 473, 29 Am. Rep. 548, and notes; *Campbell v. Whitson,* 68 Ill. 240, 18 Am. Rep. 553; *Husband v. Epling,* 81 Ill. 172, 25 Am. Rep. 276; *Darlington's Appeal,* 86 Pa. St. 512, 27 Am. Rep. 726.)

George Ainslie and W. E. Borah, for Respondents.

Our statutes, as well as the California statutes, have made the question of fraud in cases of this kind a question of fact, and have expressly provided that inadequacy of consideration shall not render the deed void as to creditors. Our statutes have taken the question of fraud out of the domain of law and placed it in that of fact. There must be an actual intent to defraud upon the part of the grantor, and this intent must be found to exist as a matter of fact. It cannot be inferred from the fact of insolvency and inadequacy of consideration. (*Jameson v. King,* 50 Cal. 132; *Harris v. Burns,* 50 Cal. 140; *McFadden v. Mitchell,* 54 Cal. 630; *Thornton v. Hopp,* 36 Cal. 230; *Read v. Rahm,* 65 Cal. 343, 4 Pac. 111.)

HUSTON, J.—The appellant, as administrator of the estate of Milton Kelly, deceased, brings action to subject to adminis-

tration certain property alleged to have been conveyed by the decedent in his lifetime to his daughter, one of the defendants, in fraud of creditors. It is conceded by plaintiff that there was no intent of fraud by the decedent in making the conveyance, but he contends that the presumption of fraud arises from the fact that at the time decedent made the conveyance in question he was indebted to a considerable amount. About the facts in the case there does not seem to be any contention. The only question raised by the counsel for appellant, or insisted upon by them in their briefs and argument, depends upon the construction of section 3019, of the Revised Statutes of Idaho, which is as follows: "All deeds of gift, all conveyances and all transfers or assignments, verbal or written, of goods, chattels or things in action, made in trust, for the use of the person making the same, are void as against the creditors existing or subsequent of such person." It is not contended that there is any "deed of gift, conveyance, transfer or assignment, verbal or written, of goods, chattels or things in action, made in trust," or otherwise, involved in this action, except that counsel for appellant insists that the words "deed of gift," in this section of the statute, refer to or include a deed of gift of real property not made in trust, and admitted to have been made without any intention to defraud anyone. Our stattue (Rev. Stats., sec. 3022) says that, except in the cases provided in section 3021, "the question of fraudulent intent is one of fact, and not of law." How can it be claimed that this case, the facts in which do not bring it within the exceptions of section 3021 of the Revised Statutes, is one of fraudulent intent?

The plaintiff brought his action under the provisions of section 5558 of the Revised Statutes, which section provides, *inter alia,* that "when there is a deficiency of assets in the hands of an executor or administrator, and when the decedent in his lifetime has conveyed any real estate or any rights or interest therein with intent to defraud his creditors, or avoid any right, debt or duty of any person," etc., the same shall be void. There is neither claim nor pretense that the decedent, in making the conveyance in question, had any intent to defraud anyone. He conveyed the property to his daughter, and the schedule of indebtedness of the decedent shows that, out of $5,954.06 of such indebtedness, $5,348.28 is made up of claims of contesting heirs.

Accepting appellant's statement of his case, we are unable to find any merit whatever in the appeal. The action cannot be sustained under the provisions of section 5558 of the Revised Statutes, and section 3019 cannot be made applicable, by any recognized rule of construction, either legal, logical, grammatical, or otherwise. The judgment of the district court is affirmed. Costs awarded to respondents.

Sullivan, C. J., and Quarles, J., concur.