C. L. TRENERY, Appellant, v. THOS. GOUDIE.

Wages: RIGHT TO RECOVER OF STAKE-HOLDER. One who wagered money cannot recover his share of the stakes from the stake holder, whatever the outcome, unless, before payment to the other wagering party, the former repudiated the transaction and notified the stake-holder not to pay the money; and his recovery is defeated if he merely gave notice not to pay the wager until further notice.

*Appeal from Plymouth District Court.*—HON. J. F. OLIVER, Judge.

THURSDAY, DECEMBER 15, 1898.

ACTION for money had and received. From a judgment in favor of defendant, plaintiff appeals.—*Affirmed.*

*Zink & Roseberry* for appellant.

*McDuffie & Keenan* for appellee.

WATERMAN, J.—Plaintiff and one Boyle made a wager upon the result of an election, and placed the stakes in the hands of defendant. It is alleged that Boyle lost the wager, but that defendant, before the result of the election was known, and notwithstanding he was notified by the plaintiff not to do so, paid the money over to said Boyle. This action is to recover plaintiff's share of the stakes. The evidence establishes that the count of the judges of election showed that the candidate upon whose success Boyle had bet had received the largest vote. In a contest thereafter, the other candidate was awarded the certificate of election. On the strength of the

first returns, defendant gave the stakes to Boyle. He claims that he acted in good faith in paying the money to Boyle, for he believed at the time that Boyle was entitled to it. However this may be, we have nothing to do with the question of who won the wager. Courts will not take cognizance of such transactions to that extent. The rights of plaintiff here are no greater than if he were the admitted loser. In cases of this kind the plaintiff cannot recover the amount at stake because he won it, nor is he entitled to any part of it as a wager. His right in the courts begins only when he repudiates the original transaction. If, before the money was paid to Boyle, the plaintiff repudiated the wager, and notified the defendant of the fact, and warned him not to pay over the amount of plaintiff's money in his hands, then he can recover; otherwise not. We do not find that plaintiff ever revoked the wager. On the contrary, he expressly recognized it, and the only warning given defendant was that he should not treat Boyle as the winner without further notice. This was not enough to give plaintiff a claim on the stake-holder. *Okerson v. Crittenden,* 62 Iowa, 297. In the cited case the plaintiff claimed to have won the wager, and his demand for the whole amount of the stakes was held not to be a repudiation of the transaction, and a right of recovery was denied. In that case, too, the determination of the stake-holder as to who was entitled to the fund was, in effect, held to be conclusive. This we believe to be a correct rule in every case where the decision is made after the happening of the event upon which the wager is laid.

II. We may say further that this notice, such as it was, was not given until the money had been paid over. This fact alone would defeat a recovery. *Adkins v. Fleming,* 29 Iowa, 122; *Thrift v. Redman,* 13 Iowa, 25; *Shannon v. Baumer,* 10 Iowa, 210. Plaintiff claims, as we have said, that the money was paid over before the happening of the event that was the subject of the wager. It is true that defendant, after he received the stakes placed them in the safe of Boyle to await the result of the election; but we do not find that he relinquished his rights or surrendered his duties as stake-holder until

after the announcement of the vote.    We are not inclined to lay down any rule, in order to meet the alleged hardship of plaintiff's case, that will invite to the courts controversies of this character.    It is well for those who indulge in this amusement to understand that they must depend more upon honor than upon law for their protection.    AFFIRMED.