H. B. CUNNINGHAM v. D. E. HURD *et al.*, Appellants.

Notes:   CANCELLATION BY SURRENDER.   The parties to an action agreed that a note executed by defendant to plaintiff be deposited as security for costs due by the latter, and authorized the clerk if the costs were not paid by a named date, to surrender the note to defendant, to be by him canceled.   The costs not being paid, the note was surrendered.   *Held*, that plaintiff could not thereafter sue on the note.

DEPOSIT AS SECURITY FOR COSTS:   *Withdrawal*.   The fact that the note was deposited as security for costs, which were partly due third persons, would not prevent defendant from withdrawing it, as the parties not being obliged to provide security, no third person could complain that the condition on which it was given was enforced.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

SATURDAY, MAY 27, 1899.

ACTION upon a promissory note.   A jury was waived, and the case tried to the court upon an agreed stipulation of facts.   From a judgment in plaintiff's favor, defendants appeal.—*Reversed*.

*Carr & Parker* for appellants.

*Earle & Prouty* for appellee.

WATERMAN, J.—The statement of facts upon which the case was submitted and determined below is as follows:   "It is hereby stipulated and agreed between the parties to the above entitled cause that the following statement of facts shall be taken to be the facts in this case, upon which the

court shall determine the rights-of the respective parties to this suit, and the same shall be treated by the court as a statement of the facts of this case upon which the judgment of this cause is to be determined: *First.* That prior to .February 6, 1890, W. W. Hurd and D. E. Hurd, being indebted to the Iowa Buggy Company on certain promissory notes, said Iowa Buggy Company brought suit thereon, aided by attachment, in the district court of Dickinson county, Iowa, and under the writ of attachment issued in said cause levied upon a stock of goods belonging to the said W. W. Hurd, and also garnished certain parties as supposed debtors of the said Hurds. *Second.* That in said action said Hurds filed an answer, setting up by way of defense to said notes failure of consideration, and also, by way of counterclaim, a claim for damages on account of the alleged wrongful suing out of the attachment, and for alleged false and fraudulent representations made in the sale of the goods for which the notes sued upon in said action were given. *Third.* That on the sixth day of February, 1890, the parties to said suit entered into a contract of settlement of all matters therein pending, under which contract of settlement defendants, W. W. Hurd and D. E. Hurd, conveyed to the Iowa Buggy Company certain real estate, and were to execute to the said company the note of said defendants for three hundred dollars, bearing date on the said sixth day of February, 1890, due in one year, with interest at 8 per cent. per annum, and providing for attorney's fees in case of suit. That at the same time the said plaintiff, the Iowa Buggy Company, and the said defendants, W. W. Hurd and D. E. Hurd, entered into a written stipulation, to be filed in said cause, in words and figures as follows, to-wit: In the District Court of Iowa, in and for Dickinson County. Iowa Buggy Company vs. W. W. Hurd and D. E. Hurd. It is hereby agreed, by and between the parties to this suit, that a certain note dated February 6, 1890, due February 6, 1891, for three hundred dollars, at eight per cent. interest, and

signed by W. W. Hurd, D. E. Hurd, and J. R. Hurd, made in favor of the Iowa Buggy Company, be deposited with the clerk of the court of Dickinson county, Iowa, as security for all costs assessed the Iowa Buggy Company; and in case all of the costs in this case, or any intervention or garnishment proceedings growing out of this case, are not paid in thirty days, then the said note is to be surrendered to the defendants, and be canceled and declared paid, and the surrendering and canceling of said note is in no manner to release plaintiff from the payment of said costs. Dated February 6, 1890. A. W. Osborne, Attorney for Plaintiff. J. W. Corey, Attorney for Defendants. *Fourth.* That thereupon the said stipulation was filed with the clerk of said district court and entered of record therein on said day, to-wit, the 6th day of February, 1890, and the said note was placed in the hands of the said clerk of the district court of Dickinson county, Iowa, under and by virtue of said written stipulation above set out. *Fifth.* That in the making of said settlement, and the execution of said contract and stipulation hereinbefore set out, the said A. W. Osborne was acting as the attorney for the said Iowa Buggy Company in the said suits and in settlement of same, and J. W. Corey was acting as the attorney for the defendant in said suit and in the settlement of the same, and the said Osborne and the said Corey each had power and authority to sign the said contract and stipulation. *Sixth.* That said note remained in the possession of said clerk until the tenth day of March, 1890, when the same was demanded from said clerk by the said J. W. Corey, who was acting for the defendants, and had power so to do; and, the costs not having then been paid by the said Iowa Buggy Company, the said note was, by the said clerk, pursuant to the said contract and stipulation, delivered to the defendants, who canceled the same by destroying the said note, pursuant to said contract, on March 10, 1890. *Seventh.* That at the time of the delivery of said note to the said attorney, by the clerk, the costs in said action and no part thereof had been paid, and the

said Iowa Buggy Company had in no manner notified or requested the said clerk not to deliver said note to the defendants or their attorney, and in no manner attempted to rescind or repudiate the said contract or stipulation. *Eighth.* That said Iowa Buggy Company did not pay said costs within thirty days from the time of signing said contract, but did pay said costs in full on the fourteenth day of April, 1890, in the sum of two hundred and fifty-seven and 10-100 dollars, and then demanded said note from said clerk, but was informed by said clerk that the note had been prior thereto surrendered to the defendants' attorney. *Ninth.* That, at the time that said note was so surrendered by the said clerk to the defendants' counsel, the Iowa Buggy Company had not transferred its right, title, or interest in and to said note to this plaintiff, but that this plaintiff was at the commencement of this action, to-wit, March 21, 1896, the real party in interest in this suit, and is the transferee of all right, title, and interest to the said note, or the claim for which the same was given, formerly held by the Iowa Buggy Company, and the defendants have not in any other manner than as hereinbefore set forth paid said note or any part thereof, but nothing in this paragraph shall be deemed to be an admission by these defendants that the said Iowa Buggy Company, after the surrender of said note by the clerk had any legal right, title, or interest in and to said note."

It will be observed that, by the agreement, the note was to be surrendered by the clerk to defendants, if the costs were not paid within thirty days from the date of its deposit. The costs were not paid in the time agreed upon, and on demand the clerk delivered the note to its makers. It is conceded that, if the note was voluntarily surrendered by the Buggy Company, this action cannot be maintained. But it is insisted the note was not in fact surrendered. To this claim we cannot assent. The instrument was placed in the clerk's hands, to be delivered on a certain contingency to its makers. In strict compliance with the conditions of his trust, the clerk delivered

it to defendants. It makes no difference that the agreement was one which the law, perhaps, would not have enforced against the Buggy Company. The parties having fully executed it, the law will leave them in the situation in which they have placed themselves. Let us suppose the Buggy Company had wagered the note that it would pay the costs within a certain time, and placed it in the custody of the clerk, as stakeholder; what recourse would it have after the stake was paid over? Clearly none. *Trenery v. Goudie,* 106 Iowa, 693. The agreement under consideration has some of the characteristics of such a transaction. Furthermore the buggy company could have bound itself by a gift of this note, and the gift might have been made so that possession was to pass and the contract become complete upon the happening of a contingency. That is what was done here in effect. Possession having passed according to the terms of the agreement, the gift is complete and irrevocable. *Berry v. Berry,* 31 Iowa, 415. It was not necessary, in order to bind the Buggy Company, that it should have assented to the surrender at the time it was made. It gave no notice to the clerk of the recession by it from the agreement under which he was authorized to act as he did.

But it is said that the note was deposited as security for costs which were due other persons and the buggy company, and defendants had no authority to withdraw it, or at least that its withdrawal should confer no additional rights upon defendants. The parties were under no obligation to provide any security for the payment of these costs. If they saw fit to do so, it could be upon any terms they desired to impose. No third person can complain that such terms were complied with or that the conditions upon which the deposit was made were strictly enforced. The holding upon this branch of the case relieves us of the necessity of determining whether the contract provided for liquidated damages or a penalty. As the note has been voluntarily surrendered to the makers, no action can be maintained upon it, and the judgment of the trial court must be REVERSED.