[No. 4350.]

RENSBERGER v. BRITTON.

**Fraud—Pleading—Judgment on the Pleading.**

In an action by a grantor against his grantee to set aside a deed alleged to have been procured by fraud, an answer which pleaded as a defense and also as a counterclaim asking affirmative relief, new matters relating to an alleged fraud perpetrated on defendant by plaintiff, but which constituted an entirely different and independent transaction which did not arise out of, and was not connected with, the transaction alleged in the complaint, was neither a proper defense nor counterclaim to plaintiff's action, and where the answer did not deny the facts alleged in the complaint, the only denial being that any fraud was committed, a judgment for plaintiff upon the pleadings was proper.

*Error to the District Court of Bent County.*

Mr. ALLEN M. LAMBRIGHT and Mr. H. L. LUBERS, for plaintiff in error.

Mr. O. G. HESS, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This action was brought by defendant in error T. D. Britton as plaintiff below against William Rensberger (plaintiff in error here) and Cephas Rensberger, as defendants, based upon their fraudulent conduct, to set aside a warranty deed made by Britton to William Rensberger to certain lots in the town of Las Animas, Bent county, and to have cancelled a fraudulent mortgage upon them which was made by William to Cephas.

In the answer filed by William, the principal defendant, there was no traverse of the facts which constituted the fraud, the denial being merely that any fraud was committed. Besides this denial, the answer contained affirmative matter pleaded not only as a defense to plaintiff's cause of action, but separately and as a counterclaim asking affirmative relief, which new matters are not connected with the subject of the action, nor do they arise out of the transaction alleged in the complaint. These facts constituted an entirely independent and different transaction, which took place, if at all, at a time before that which the plaintiff sets forth in the complaint as his cause of action. This prior transaction related to an alleged fraud perpetrated on defendant by plaintiff in the purchase by defendant from a third person of a tract of farm land in Bent county, and the only connection the town lots, which are the subject of the action set up in the complaint, have with this prior transaction is that they formed part of the consideration given by defendant for the land conveyed to him.

It is clear, therefore, that the subject of the action in this complaint is the town lots, while, in the supposed counterclaim, it is the farm lands. The transaction relied on by plaintiff as constituting his cause of action not only relates to different property, but occurred at a different time and under circumstances different from the transaction out of which defendant's cause of action arose. These causes of action exist independently of each other, and about the only connection between them, remote though it be, is that the attempted enforcement of one gave rise to the other. See cases collected in 22 Am. & Eng. Enc. Law (1st ed.), 395, 396, 401, *et seq.*

It is entirely clear that this antecedent, independent fraud which the defendant sought to interpose by way of defense, as well as by counterclaim, was not,

under our code, proper in this action. Civil Code, sec. 57. The fraud alleged in the complaint having been admitted, the district court was right in rendering judgment for the plaintiff upon his motion for judgment upon the pleadings.

The judgment is, therefore, affirmed.

*Affirmed.*