George E. Dee, Appellant, v. Sears-Nattinger Automobile Company, Paul V. Patti and C. P. Miller, Interveners.

**Raffling:** TRANSFER OF TITLE: LEGALITY: ESTOPPEL. Where the owner of an automobile disposed of the same by means of a raffle and made no attempt to rescind, but gave the successful party an order for the machine on those in actual possession of the same, there was an effectual transfer of title as between the owner and such successful party; and the parties in possession were in no position to question the legality of plaintiff's title, because ac-

quired through a raffle, especially after recognizing the order and agreeing to hold the same for the transferee.

Replevin: PLEADING: EVIDENCE. "In an action for the recovery' of personalty where the issue is simply as to whether defendant agreed to hold the property as plaintiff's bailee, the plaintiff may prove without pleading the fact that a stipulation in the receipt given for the property is not binding upon him, because inserted without his knowledge and contrary to the oral agreement.

*Appeal from Polk District Court.*—Hon. Jesse A. Miller, Judge.

Tuesday, November 24, 1908.

Rehearing Denied Tuesday, March 16, 1909.

Action to recover possession of an automobile, claimed by plaintiff as owner and alleged to be in the possession of the defendant as bailee. The defendant alleged that the ownership of the machine was jointly in plaintiff and the two interveners, under a written agreement that it should be held for them, and only delivered on a written order signed by all three of them, and that no such order had been presented to defendant by the plaintiff. At the conclusion of the evidence offered for plaintiff the court directed a verdict for the defendant, and plaintiff appeals. —*Reversed.*

*Ira W. Anderson* and *J. K. Macomber,* for appellant.

*Mills & Perry,* for appellees.

McClain, J.—There is testimony in the record tending to show that the automobile in question was put up by the owner, one Van Werden, at a raffle; that plaintiff was the holder of tickets in this raffle; that at the conclusion of the drawing Van Werden gave to plaintiff an order on defendant in whose possession the machine had been dur-

ing the time the tickets were being sold and the raffle conducted, advising defendant as follows: "Mr. Dee has drawn the automobile, so you can deliver it to him as I telephoned you;" that plaintiff presented this order to defendant, and asked that defendant recognize the order and keep the machine on storage for plaintiff; that an officer of the defendant took and retained this order, and proposed to give to plaintiff a receipt for the machine; that the instrument, purporting to be a receipt, but containing a stipulation that the machine should be held as the joint property of plaintiff and interveners; and only delivered on their joint order, was delivered to plaintiff, who, believing the instrument to be a simple receipt to him from defendant for the machine, accepted and retained it *without knowledge of its contents*, he being unable to read the instrument on account of defective sight, and being assured that it was such receipt as he had requested; and that subsequently, on demand by the plaintiff for the possession of the machine, with tender of the storage charges, defendant refused to deliver the machine to plaintiff. In their arguments counsel have discussed many questions which we think are not involved in determining the correctness of the court's holding that there was no evidence to sustain plaintiff's right of recovery. From a finding made of record by the trial judge it appears that under the evidence he considered plaintiff's title to be so affected with the illegal nature of the transaction as that he could not recover, and this is the only view of the case which we think it necessary to discuss.

There is nothing in the record to indicate that defendant was a stakeholder of the machine. The fact that a part of the proceedings connected with the drawing took place in the defendant's garage is wholly immaterial with reference to this question. Defendant was not to determine the result of the drawing. That was left to other

1. RAFFLING: transfer of title: legality: estoppel.

persons for decision, and, so far as this record shows, was decided by Van Werden himself. Up to the time the drawing was decided Van Werden had the entire ownership and constructive possession of the machine. He then recognized plaintiff as entitled to possession, and did not attempt to rescind on account of illegality in the transaction, nor object to the delivery of the machine to plaintiff. If defendant had delivered actual possession of the machine to plaintiff on this order, and plaintiff had taken the machine away, neither defendant nor Van Werden, nor any other party to the illegal transaction, could have questioned plaintiff's right on the ground of illegality. After property has been delivered to the successful party in consequence of a bet or wager it is too late for another party to the transaction to attempt rescission or raise the question of illegality. *Trenery v. Goudie,* 106 Iowa, 693; *Okerson v. Crittenden,* 62 Iowa, 297; *Thrift v. Redman,* 13 Iowa, 25; *Himmelman v. Pecaut,* 133 Iowa, 503. Defendant, as Van Werden's bailee, had nothing to do with the legality of the transfer of title from Van Werden to plaintiff; but, in any event, if defendant recognized plaintiff as the owner of the machine by accepting Van Werden's order and agreeing to hold the machine for plaintiff, it was then too late to go into the legality of the transaction between Van Werden and plaintiff. It is to be borne in mind that defendant is not now claiming to hold the machine for Van Werden, but insists that it has become bailee, not for plaintiff, but for plaintiff and interveners as joint owners. The question as to the validity of the transfer of title from Van Werden to plaintiff as the result of a lottery scheme is finally disposed of, so far as this case is 'concerned, by the evidence showing that, as between Van Werden and plaintiff, the transfer of title has been completed and the title of Van Werden effectually extinguished.

When plaintiff proposed to testify as a witness that defendant accepted the Van Werden order and assented to

hold the machine as bailee for plaintiff, the court ruled that such oral testimony was inadmissible, for the reason that plaintiff admitted the receipt of some instrument in writing delivered to him by or in behalf of the defendant. This instrument, already referred to, had not been received in evidence except for purposes of identification, and we think that, until it was shown that the obligations of defendant as bailee were evidenced in writing, it was not proper to exclude plaintiff's testimony as to a parol acceptance. But however this may be, a more important consideration is that a receipt in writing does not exclude parol evidence of the fact of such receipt. It is said for appellee that the instrument was more than a receipt; that it contained a stipulation in the nature of a contract. But plaintiff was proposing to prove that the stipulation in the instrument was not binding upon him. Evidence to this effect for plaintiff was admissible without any pleading, for the issue was simply whether defendant had agreed to hold the machine as plaintiff's bailee. The court erred, therefore, in excluding evidence offered for plaintiff that defendant orally agreed to keep the machine as plaintiff's bailee, and further erred in directing a verdict for defendant on the record; for there was enough in plaintiff's evidence to show that the title of the machine had passed to him, in the absence of any proof to the contrary. While something had been said in the course of the trial with reference to the receipt as proving joint ownership in interveners with plaintiff, no competent evidence of that fact had been introduced when plaintiff rested his case and a verdict for defendant was directed.

2. REPLEVIN: pleading: evidence.

The judgment is therefore *reversed*.