[No. 7675.]

## EPPICH V. BLANCHARD.

1. FRAUDULENT CONVEYANCES—*Creditor's Bill—Requisites.* A bill brought by one who at execution sale has purchased lands of his debtor, to vacate a previous conveyance by the debtor, as fraudulent, must, as against the alleged grantee in fraud, affirmatively allege the insolvency of the debtor, or that he had no other property than the lands in question from which the judgment might have been satisfied. (142)

2. ——*Statute Construed.* Section 2665 of the Revised Statutes relates to personal property exclusively. (144)

Under Rev. Stat. Sec. 2674 the question of fraudulent intent is one of fact. Although it appeared by the pleadings that the grantor in the alleged fraudulent conveyance reserved to herself a beneficial interest in the property, it was held that the conveyance was not to be adjudged fraudulent in law. (144)

3. PLEADINGS—*Motion for Judgment Upon.* On plaintiff's motion for judgment on the pleadings the averments of the answer are taken as true, and if these raise a material issue of fact the motion must

be denied. The motion cannot be made to serve the purpose of a general demurrer. *Benson v. Hoover* 3 Col. Ap. 467, *Rensberger v. Britton* 31 Colo. 77, *Borcherdt v. Favor* 16 Col. Ap. 406, distinguished. (142)

4. PARTIES—*Necessary Defendants.* Upon bill to vacate a conveyance of lands as fraudulent one alleged to have an interest as beneficiary in a trust under the conveyance, is a necessary party. (145)

*Error to Denver District Court.*—Hon. HARRY C. RIDDLE, Judge.

Mr. CHAS. G. CLEMENT, Mr. FRANK McLAUGHLIN, for plaintiff in error.

MR. GEORGE Q. RICHMOND, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The defendant in error, Blanchard, brought suit against the plaintiff in error, Eppich, and others, to quiet title to certain real property situated in Denver that had been sold under execution on a judgment obtained by Blanchard against one Anna J. Barnard, former owner of the property, who was joined as a defendant in this action. Barnard, while the property yet stood of record in her name, gave a promissory note for $1,000 to I. F. Peck and wife, which later passed by indorsement to Blanchard. In April, 1909, Blanchard recovered judgment thereon against Barnard, who, before such judgment was rendered, executed to Eppich her warranty deed for the property in question, dated April 2, 1909, reciting a consideration of one dollar, which deed was forthwith recorded. On the same day Eppich executed a trust agreement, in connection with that conveyance, for the benefit of Barnard and one Frank McLaughlin, which was not recorded. McLaughlin's interest arose out of a contract with Barnard, by which he forbore

prosecuting a certain action theretofore instituted against her to recover a large sum of money said to be due him, claiming a lien against the property in suit, with *lis pendens* filed, upon condition that she deed the property to Eppich for their mutual benefit, to be disposed of on terms set forth in the trust agreement. The property was at all times mentioned subject to other encumbrances which have no bearing upon the merits of this controversy. Blanchard caused this property to be sold as the property of Barnard under the judgment recovered against her, as a result of which a sheriff's deed purporting to convey to Blanchard all right, title and interest, legal and equitable, of Barnard therein and thereto, was regularly and duly executed on March 22, 1910.

The complaint alleges, among other things, that the deed to Eppich was without consideration, wholly voluntary, sham and fictitious, made with knowledge of the indebtedness of Barnard to the plaintiff, Blanchard, in connection with the secret trust agreement, with the fraudulent intent and purpose of preventing and defeating his claim, and prays to have the same declared void and set aside as casting a cloud on his title. The answer of Barnard admits the allegations of the complaint, and sets up the execution and delivery by her, since the institution of this suit, of a quitclaim deed to Blanchard of any and all her right, title or claim in and to the premises. Eppich answering denied that the conveyance to him was without consideration, voluntary, sham or fictitious, made with knowledge of the indebtedness of Barnard to Blanchard, or with fraudulent intent or purpose of defeating a recovery by Blanchard of any sum due from Barnard. As a separate and further defense, and as a consideration for the conveyance to him by Barnard of the property in question, Eppich sets up a composition

between Barnard and McLaughlin of their differences, fixing the amount of her indebtedness to the latter, and providing for its payment out of a portion of the proceeds to be derived from a disposition of the property in question by Eppich under the terms of the trust agreement, and the dismissal accordingly of the McLaughlin suit against Barnard, to which reference has been hereinbefore made. It was further alleged that McLaughlin is a necessary party to a final and complete determination of the issue involved, with prayer to have him made a defendant. Plaintiff moved for judgment on the pleadings, which was sustained, and Eppich prosecutes this writ of error.

The first proposition urged for a reversal is that the complaint states no cause of action. There is no allegation that the defendant Barnard was insolvent, or had no other property from which the judgment in question could be satisfied. These were necessary and essential allegations to warrant recourse to equity for relief. To state a cause of action in equity a complaint must affirmatively show that plaintiff has no full, adequate or speedy remedy at law.—*Bursdall v. Waggoner*, 4 Colo. 256; *Emery v. Yount*, 7 Colo. 107, 1 Pac. 686; *Spooner v. Travelers' Ins. Co.*, 76 Minn. 311, 79 N. W. 385, 77 Am. St. 651; and 2 Moore on Fraudulent Conveyances, page 851, and cases cited. The complaint here does not even purport to do this, and was therefore clearly insufficient because of such failure.

The second ground urged under the assignments is that the court erred in rendering judgment on the pleadings. This objection is well laid. On motion for judgment upon the pleadings the allegations of the answer are taken as true, and since there is here a material issue of fact raised, no such judgment was warranted.—*Lowell v. Bonney*, 14 Col. App. 230, 60 Pac. 830; *Mills v. Hart*,

24 Colo. 505, 52 Pac. 680, 65 Am. St. Rep. 241; *Hastings v. Bank of Longmont,* 4 Colo. App. 419, 36 Pac. 618; *Rice v. Bush et al.,* 16 Colo. 484, 27 Pac. 720; *Porter v. Grady,* 21 Colo. 74, 39 Pac. 1091; *Richards et al. v. Stewart,* 53 Colo. 205, 124 Pac. 740; and *Kimber v. Gunnell Gold M. & M. Co.,* 126 Fed. 137, 61 C. C. A. 203.

It is a well settled rule that a motion for judgment on the pleadings cannot be made to serve the purpose of a general demurrer, which was the sole effect of that motion in this instance.—*Whitehead v. Johnson,* 51 Colo. 587, 119 Pac. 472; and *Shuler v. Allam,* 45 Colo. 372, 101 Pac. 350. No case is cited, nor do we think one can be found, holding that where material allegations of a complaint are directly and specifically put in issue by answer judgment on the pleadings should be allowed. Such a rule would be wholly arbitrary and without legal support.

Defendant in error cites *Ebensen v. Hoover,* 3 Colo. App. 467, 33 Pac. 1008; *Rensberger v. Britton,* 31 Colo. 77, 71 Pac. 379; and *Borcherdt v. Favor,* 16 Colo. App. 406, 66 Pac. 251, in support of the judgment on the pleadings. These cases announce a rule applicable where the facts constituting a cause of action are specifically admitted, or where new matter is pleaded showing an independent transaction, not connected with anything set up in the complaint, and which, therefore, could not be properly presented, considered or disposed of in such proceeding. Manifestly those decisions are not authority on the question presented by the pleadings in this case. Here the allegations of fraudulent intent and purpose are specifically denied, and that issue is directly and properly tendered.

Section 2665, R. S. 1908, provides:

"All deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels or

things in action, made in trust for the use of the person making the same, shall be void, as against the creditors existing of such person."

This section is evidently the one upon which the trial court based its judgment, as evidenced by its written opinion. Plaintiff in error claims it is applicable only to personal property, and that this being a case involving real property the provisions applicable to it are Sections 2671 and 2674, R. S. 1908, respectively, which read as follows:

"Every conveyance or assignment in writing or otherwise, of any estate or interest in lands, * * * made with the intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debt or demands, * * * shall be void."

"The question of fraudulent intent, in all cases arising under the provisions of this title, shall be deemed a question of fact, and not of law; nor shall any conveyance or charge be adjudged fraudulent against creditors or purchasers solely on the ground that it was not founded on a valuable consideration."

By its express terms Section 2665, *supra*, relates solely to personal property.—*Wilson v. American National Bank*, 7 Colo. App. 194, 42 Pac. 1037. In *Brown v. Perault*, 5 Idaho, 729, 51 Pac. 752, a like conclusion was reached upon identically the same character of statutory provision. In the cases of *Brown Bros. M. Co. v. Israel*, 15 Colo. App. 392, 62 Pac. 578, and *Wilson v. American National Bank, supra,* relied upon by defendant in error, transfers of personal property only were the subject-matters under consideration. The case at bar falls under Sections 2671 and 2674, *supra,* and the question of fraudulent intent becomes one of fact by direct provision of the statute.—*Thomas et al. v. Mackey et al.,* 3 Colo. 390. This issue was squarely presented by the

pleadings and should have been tried as a fact upon the proofs adduced. But the court, contrary, to this provision of the statute, because it appeared from the pleadings that the grantor in the deed to Eppich had a beneficial interest in the property reserved to her by the trust agreement, upon motion for judgment on the pleadings, declared the deed void as matter of law, without investigation of the facts. This was error.

Further, it is contended that McLaughlin was a necessary party to the action. The answer specifically alleged this and recited a trust agreement showing him to be a beneficiary thereunder. He was directly affected by the judgment and should have been made a party to the action.—*Allen v. Tritch,* 5 Colo. 227; and *Seymour v. Fisher,* 16 Colo. 188, 202, 27 Pac. 240.

The judgment is reversed and the cause remanded with directions to proceed in conformity with the views herein expressed.

Chief Justice Musser and Mr. Justice White concur.