## Alonzo Gunn, Plaintiff in Error, v. Eric Williams et al., Defendants in Error.

### Gen. No. 31,261.

1. REPLEVIN—*right of action where automobile originally obtained in illegal transaction.* After delivery of an automobile to the winner at a raffle is completed, his right subsequently to maintain an action of replevin is not affected by the fact that his ownership of the automobile and right to possession were obtained in an illegal transaction.

2. REPLEVIN—*sufficiency of evidence of identity of automobile.* Evidence of the identity of an automobile replevied as the one belonging to plaintiff, held prima facie sufficient, the question of identity not being raised by the pleadings.

Error by plaintiff to the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed December 12, 1927.

A. L. WILLIAMS, for plaintiff in error.

BAYLEY, MERRICK, WEBSTER & GREGORY, for defendants in error.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff sued in replevin for the recovery of an automobile. The sheriff took the property by virtue of the writ and delivered it to the plaintiff. The Standard Motor Securities Corporation entered its appearance and filed its plea, denying that it took and detained the property, alleging that the right of property was in Eric Williams and not in the plaintiff, and further alleging that the plaintiff ought not to have its action for the reason that the property was obtained as a result of a raffle in violation of section 180 of the Criminal Code of the State of Illinois, Cahill's St. ch. 38, ¶ 401. A jury was waived and the cause

tried by the court. At the close of plaintiff's evidence, on motion of defendant, the issues were found for the defendant, the court finding the property in the defendant John Doe, *alias* Standard Motor Securities Corporation, and a writ of *retorno habendo* was ordered.

The evidence of the plaintiff tends to show that on September 7, 1925, he attended a raffle of an automobile, which was conducted in the interest of some church society; that he purchased $50 worth of tickets and was informed by one Eric Williams, who was apparently in charge of the raffle, that he, plaintiff, had the winning number; that he was thereupon announced the winner, the automobile was delivered to him and he rode around in it for awhile and then asked for a bill of sale. Eric Williams told him that he, Williams, would have to go to Highland Park to get a bill of sale, and Williams thereupon drove the car away ostensibly for the purpose of getting such bill of sale, but never returned it. Plaintiff says that he next saw the car in Evanston in the possession of the Standard Motors people. The evidence indicates, practically without contradiction, that the delivery of the automobile to plaintiff was completed, and that being true it was immaterial that the ownership and right to possession were secured in an illegal transaction. (See *Cook v. Meyers,* 166 Ill. 282; *Brady v. Horvath,* 167 Ill. 610; *Dee v. Sears-Nattinger Automobile Co.,* 141 Iowa 610.)

The defendant contends that there is no evidence tending to identify the particular automobile replevied as the car which plaintiff won at the raffle, and says (citing *Anderson v. Talcott,* 1 Gil. (Ill.) 365; *Constantine v. Foster,* 57 Ill. 36; *Pease v. Ditto,* 189 Ill. 456) that since the burden of proof was upon the plaintiff and he could recover only on the strength of his own title rather than on the weakness of that of his adversary, this failure of proof was sufficient to preclude

the plaintiff from recovering. The identity of the automobile, however, was not raised by any averment of the pleadings, and we think the proof was prima facie sufficient on this point. There is no proof in the record tending to show any right of possession in the Standard Motors Securities Corporation, and it was error for the court to order the automobile returned to it.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR and McSURELY, JJ., concur.