Joseph Lyman & another *vs.* Pelham Bonney & others.

A bill in equity may be maintained against officers of a mutual insurance company, who, having funds of the company in their hands to pay a claim of the plaintiffs on the company for a loss, have neglected and refused to pay it, and fraudulently applied the funds to other purposes. But to such a bill the company is a necessary party.

Chapman, C. J. The plaintiffs' bill sets forth a demand in their favor, as trustees of Susan Lyman, against the State Mutual Fire Insurance Company, and against the defendants as the president and directors of the company. The claim against the company is founded on a policy of insurance against fire, upon which a judgment has been recovered, and execution issued, which is unpaid. The claim against the defendants is made upon the ground that, having the funds of the company in their hands sufficient to pay this claim, they neglected and re

fused to pay it, and have illegally and fraudulently applied the funds to other purposes by distributing them among themselves and the other stockholders. The bill states a strong case for relief in equity upon the principles stated in *Peabody* v. *Flint*, 6 Allen, 52. See also *Robinson* v. *Smith*, 3 Paige, 222; *Cunningham* v. *Pell*, 5 Paige, 607; *Hodges* v. *New England Screw Co.* 1 R. I. 340; *Curran* v. *Arkansas*, 15 How. 304; and *Scott* v. *Eagle Fire Co.* 7 Paige, 198, a case strongly resembling the present.

The funds of the company were held by the defendants, in trust, among other things, to pay the plaintiffs' debt, and ought not to have been misappropriated. The equitable claim of a member of a mutual insurance company, to payment of a loss insured against by the company, is peculiarly strong upon the officers, who should act as trustees for him as well as for the other members of the company. But the defendants demur to the bill, and one of their prominent grounds of demurrer is, that the corporation ought to have been made a party.

We think this ground is valid. The debt is due from the corporation, and not from the defendants; it was to be paid by the corporation; and the defendants, in paying it, would act as agents of the corporation, and not on their own behalf. The funds which are alleged to have been misappropriated were the funds of the corporation; and the action of the defendants, which is alleged to have been wrongful, was professedly as officers of the corporation. The general rule, as stated in Calvert on Parties, 11, is, that all parties having an interest in the object of the suit ought to be made parties. It is also said that, "where different persons have been liable to a payment, the court has required the presence of them all, for the purpose of ascertaining whether any of them have already made it." Ib. 16. Although it might not be probable that the corporation would pay this debt through any other agency than that of its officers, yet the court cannot know that this has not been done, and the question cannot be conclusively settled without making the corporation a party. And on all the questions that may arise in the case, it is important that the final decree shall be binding upon the corporation.

The other grounds of demurrer are not tenable. There is no want of equity in the bill, or of jurisdiction in the court, for the reasons above stated. *Demurrer sustained.*

*R. M. Morse, Jr. & R. Stone, Jr.*, for the plaintiffs.

*T. S. Harlow*, for the defendants.