INHABITANTS OF DEERFIELD *vs.* FRANK NIMS & others.

To a bill in equity by the creditor of a corporation against officers and stockholders of the corporation, who have divided its property among themselves for the purpose of evading its liabilities, the corporation is a necessary party.

BILL IN EQUITY alleging that, upon an information brought by the attorney general, at the relation of the plaintiffs, against the Proprietors of Deerfield River Bridge, a corporation established by the Commonwealth, a decree was entered that the corporation should pay $4000 to these plaintiffs, and execution in favor of the plaintiffs issued thereon ; that the officers and stockholders of the corporation, desiring to evade the duties and liabilities of the corporation, divided its property among themselves, and the execution was returned unsatisfied ; that the plaintiffs had been unable to learn the names of all the members and stockholders of the corporation, but that they believed that Nims and certain other persons named were stockholders ; and, " to the end that the Proprietors of Deerfield River Bridge and the members and stockholders of said corporation, and especially the several members and stockholders hereinbefore named, may full and true answer make," the bill prayed for process against Nims and the other persons named ; but no process was prayed against the corporation.

The defendants demurred to the bill, among other reasons, for want of proper parties; and the case was reserved by *Ames*, J., on bill and demurrer, for the determination of the full court.

*D. Aiken & W. S. B. Hopkins*, for the defendants.

*H. G. Parker*, (*S. O. Lamb* with him,) for the plaintiffs.

CHAPMAN, C. J.   The bill seeks to obtain payment of a judgment and execution which the plaintiffs have obtained against the Proprietors of Deerfield Bridge, a corporation.   It appears that, though the corporation is named in the bill, yet no process is prayed for against it or served upon it, but the suit is against several persons who are sued as stockholders.   They demur on several grounds, one of which is that the corporation is not joined as defendant.   This ground is valid; for as the corporation is the alleged debtor, it is a necessary party, for the reasons stated in *Lyman* v. *Bonney*, 101 Mass. 562.   The other grounds ought not to be discussed till the corporation is brought in, for it should have an opportunity to be heard on these matters.

*Demurrer sustained.*