DORMITZER and others *v.* ILLINOIS & ST. LOUIS BRIDGE COMPANY and others.

*(Circuit Court, D. Massachusetts.   January 29, 1881.)*

1. CIRCUIT COURT—JURISDICTION.

   A circuit court has no jurisdiction of a civil action between ordinary parties, either originally or by removal, if any of the necessary parties to the controversy on opposite sides are citizens of the same state.

2. NECESSARY PARTY—CORPORATION.

   A corporation is a necessary party to a suit for collecting moneys due for unpaid assessments of its stock, or for capital once paid in, but afterwards improperly divided.

3. CIRCUIT COURT—JURISDICTION.

   A circuit court cannot entertain a suit where a party, whose legal presence in the proceeding is necessary, cannot be subjected to its jurisdiction.

4. SAME—ATTACHMENT.

   A circuit court cannot attach the property of an absent defendant, unless he is an inhabitant of the district where the suit is brought.— [ED.

In Equity.   Demurrer.

*Warren & Brandeis*, for complainants.

*Russell & Putnam* and *Edwin H. Abbott*, for defendants.

LOWELL, C. J.   Of the points so ably and thoroughly argued I shall concern myself with but one.   It is generally understood to be settled by *The Removal Cases*, 100 U. S. 457, and *Pacific R. Co.* v. *Ketchum*, 101 U. S. 289, that under the statute of 1875, as well as under former acts, circuit courts of the United States have no jurisdiction of a civil action between ordinary parties, whether originally or by removal, if any of the necessary parties to the controversy on opposite sides are citizens of the same state.   It may be said that this

point is not necessary to the decision of those cases; but the whole discussion, and the distinctions taken in them, were unnecessary unless the law was so; and it is so announced by the chief justice. Before these decisions were published I had occasion to examine the question, and came to the conclusion that, within the reasoning of the case of *The Sewing Machine Companies,* 18 Wall. 553, and of earlier cases, this must be the construction. *Tremain* v. *Amory,* June, 1879 (MSS.) and see *Donahoe* v. *Mariposa Co.* 5 Sawy. 163; *Ruckman* v. *Palisade Co.* 1 FED. REP. 367; *Bailey* v. *N. Y. Sav. Bank,* 2 FED. REP. 14; *Ruble* v. *Hyde,* 3 FED. REP. 330.

It unfortunately is the case that congress has not seen fit to entrust the circuit courts with power to proceed by attachment of property against an absent defendant unless he is an inhabitant of the district where the suit is brought. *Toland* v. *Sprague,* 12 Pet. 300. A recent statute gives these courts jurisdiction to enforce a lien upon or claim to, or remove an encumbrance or lien or cloud upon the title to, real or personal property within the district, though the defendants, or some of them, may not be either inhabitants thereof or found therein, first giving notice to the absent defendants. St. 1875, *c.* 137, § 8; 18 St. 472. But this means a, lien or title existing anterior to the suit, and not one caused by the institution of the suit itself. These courts, therefore, have a very limited jurisdiction by foreign attachment: an important process, which derives its very name from the absence of the defendant, and which the state courts make use of with advantage to plaintiffs and without injustice to defendants. If, then, a corporation is a necessary party to a suit for collecting moneys due for unpaid assessments of its stock, or, which is very similar, for capital once paid in, but afterwards improperly divided, this bridge company, which is incorporated by the state of Missouri, of which state the plaintiff is a citizen, cannot be summoned in as a defendant in the district of Massachusetts.

Under the two recent decisions first above cited, the company, if it could be brought before the court in some way,

might, by its pleading, or its conduct, show that there was no actual controversy between it and the plaintiff, and then the court would not lose its jurisdiction.    But it is not here, and cannot be required to come here.

That a corporation is a necessary party to such a suit was decided by Judge Nelson, in this court, in September, 1879, (*First Nat. Bank of Hannibal* v. *Smith, supra*, 215;) and this bill, in effect, asks for a review of that decision.    The present proceeding is a creditor's bill to enforce a sort of equitable garnishment.    Now, I have never seen a case of a creditor's bill, or a garnishment, when brought under the ordinary practice of either law or equity, in which the principal debtor was not made a party defendant when it was possible.    Of course, the defendant may be absent, or out of reach; and, as I said before, one of the most important uses of a garnishment is to apply the property of an absent debtor to the payment of his debts within the territorial jurisdiction of the court; but the usages or the statutes by which the courts work out this result give them a jurisdiction *in rem* which the statutes of the United States deny to the circuit courts, in suits at law or in equity, excepting as above mentioned. This distinction must be kept in mind in examining the cases. In a court of general jurisdiction, the presence of the debtor is admitted to be necessary, but an artificial or constructive presence, or a supposed contumacy, is substituted for actual presence; and this is what the circuit courts cannot effect.

The corporation is a necessary party, actual or constructive, because it will not else be bound by the decree, and the other defendants may be twice vexed.    It has also the right to show that the judgments against it have been satisfied, or that it has the means for satisfying them without further assessment.    As a rule in equity it may be stated more broadly that the suit is one which, if the allegations of the bill are true, the corporation was bound to institute; and if it fails to do so, it is a necessary party on one side or the other of the suit, in order that its rights in its own assets may be properly cared for.    See *Cunningham* v. *Pell*, 5 Paige,

607; *Spear* v. *Grant*, 16 Mass. 9; *Wood* v. *Dummer*, 3 Mason, 308; *Davenport* v. *Dows*, 18 Wall. 626; *Lyman* v. *Bonney*, 101 Mass. 562; *Deerfield* v. *Nims*, 110 Mass. 115; *Mann* v. *Pentz*, 3 N. Y. 422.

The three cases cited by the plaintiff were all decided under a code which expressly makes it discretionary with the judge to order notice to the principal defendant or not. The only possible question, therefore, was of the constitutionality of the statute. *Gibson* v. *Haggerty*, 37 N. Y. 555; *Bishop* v. *Garcia*, 14 Abb. Pr. (N. S.) 70; *Lynch* v. *Johnson*, 48 N. Y. 27. The case of *Hatch* v. *Dana*, 101 U. S. 205, did not turn upon this point. It appears that the corporation was made a party and afterwards dropped; but no question was raised about it. The corporation may have made no issue with the plaintiff, or all parties may have agreed to the dismissal. The question argued and decided was whether all stockholders must be parties.

I cannot see how it is possible, consistently with the decisions and the uniform practice, to decide this case in the absence of the corporation. If it had been actually dissolved, the case might be different. There are allegations which come as near to that as truth will permit, I suppose: that it has ceased to do business; that its bridge has been sold under a foreclosure; and that it is defunct "to all intents and purposes." I do not understand this to mean that it is no longer capable of suing and being sued, but that it is dead for all useful purposes as a bridge-owner. If it remains subject to process, the facts alleged appear to be immaterial. I infer, from the facts which are stated, that it is so liable at present.

Demurrer sustained.