## MOORE & Another *v.* PAGE & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Submitted November 26th, 1883.—Decided March 24th, 1884.

*Fraudulent Conveyance—Husband and Wife.*

A husband may settle a portion of his property upon his wife, if he does not thereby impair the claims of existing creditors, and the settlement is not intended as a cover to future schemes of fraud.

When a husband settles a portion of his property on his wife it should not be mingled up or confounded with that which he retains, or be left under his management or control without notice that it belongs to her.

This was a creditor's bill to reach property conveyed by the debtor to his wife, and have it applied to the payment of the debt. The decree below sustained the conveyance, from which the creditor appealed.

*Mr. H. T. Helm* for appellants.

*Mr. Edward S. Isham* and *Mr. William Burry* for appellee Page; *Mr. George W. Smith* for other appellees.

MR. JUSTICE FIELD delivered the opinion of the court.

It is no longer a disputed question that a husband may settle a portion of his property upon his wife, if he does not thereby impair the claims of existing creditors, and the settlement is not intended as a cover to future schemes of fraud. The settlement may be made either by the purchase of property and taking a deed thereof in her name, or by its transfer to trustees for her benefit. And his direct conveyance to her, when the fact that it is intended as such settlement is declared in the instrument or otherwise clearly established, will be sustained in equity against the claims of creditors. The technical reasons of the common law growing out of the unity of husband and wife, which preclude a conveyance between them upon a valuable consideration, will not in such a case prevail in equity and defeat his purpose. *Shepard* v. *Shepard*, 7 Johns. Ch. 57; *Hunt* v. *Johnson*, 44 N. Y. 27; Story's Equity, § 1380; Pomeroy's Equity, § 1101; *Dale* v. *Lincoln*, 62 Ill. 22; *Deming* v. *Williams*, 26 Conn. 226; *Maraman* v. *Maraman*, 4 Met. Ky. 84; *Sims* v. *Rickets*, 35 Ind. 181; *Story* v. *Marshall*, 24 Texas, 305; *Thompson* v. *Mills*, 39 Ind. 528. Such is the purport of our decision in *Jones* v. *Clifton*, 101 U. S. 225. His right to make the settlement arises from the power which every one possesses over his own property, by which he can make any disposition of it that does not interfere with the existing rights of others. As he may give it or a portion of it to strangers, or for objects of charity, without any one being able to call in question either his power or right, so he may give it to those of his own household, to his wife or children. Indeed, settlements for their benefit are looked upon with favor and are upheld by the courts. As we said in *Jones* v. *Clifton*: " In all cases where a husband makes a voluntary settlement of any portion of his property for the benefit of others who stand in such a relation to him as to create an obligation, legally or

morally, to provide for them, as in the case of a wife, or children, or parents, the only question that can properly be asked is, does such a disposition of the property deprive others of any existing claims to it? If it does not, no one can complain, if the transfer is made matter of public record and be not designed as a scheme to defraud future creditors. And it cannot make any difference through what channels the property passes to the party to be benefited, or to his or her trustee, whether it be by direct conveyance from the husband, or through the intervention of others."

Whilst property thus conveyed as a settlement upon the wife may be held as her separate estate, beyond the control of her husband, it is of the utmost importance to prevent others from being misled into giving credit to him upon the property, that it should not be mingled up and confounded with that which he retains, or be left under his control and management without evidence or notice by record that it belongs to her. Where it is so mingled, or such notice is not given, his conveyance will be open to suspicion that it was in fact designed as a cover to schemes of fraud.

In this case there was much looseness; and the transactions between the husband and the wife touching the property were well calculated to excite suspicion. It is, therefore, with much hesitation that we accept the conclusion of the Circuit Court. We do so only because of its finding that there was no deception or fraud intended by either husband or wife; that the appellants were not led to give him any credit upon the property, but acquired their interest in the judgment which they are seeking to have satisfied long after the transactions complained of occurred; that the title to the Dearborn Avenue property was taken by mistake in his name, and that the mistake was rectified before this litigation commenced; that the bonds and notes in bank which the creditors seek to reach represent the money advanced by her from the sale of that property for the purpose of meeting an alleged deficit in his account as administrator of the estate of Maxwell, and in equity belong to that estate; that the money applied in satisfaction of the mortgage upon the Lincoln Avenue property was part of

the proceeds of that sale, and that she was entitled to have the conveyance to her from Mrs. Maxwell treated as security for that money. Such being the case, the creditors have no claim upon the bonds and notes superior in equity to that of the Maxwell estate, nor upon the Lincoln Avenue property superior to that of the wife.

*Decree affirmed.*