ANTHONY ARNETT AND MARY G. ARNETT, APPELLANTS,
v. HENRY N. COFFEY, APPELLEE.

1. CREDITOR'S SUIT TO SET ASIDE CONVEYANCE.—Property alleged to have been transferred by the owner to various persons, and thereafter by mesne conveyances to have been vested in the grantor's wife, the complaint alleging that all the conveyances were without consideration and made to defraud creditors, cannot, as against the wife, be subjected to the satisfaction of a judgment subsequently obtained against the original grantor, unless it be shown in the proceedings instituted for such purpose that the plaintiff's debt existed prior to the transfers, or that the conveyances were made to defraud subsequent creditors.

2. EVIDENCE NECESSARY TO ESTABLISH PRE-EXISTING DEBT.—While the pleadings in the action against the husband, wherein the judgment was obtained against him, were competent evidence as against him to show when the debt was incurred, such evidence was not competent, as against the wife, to show that plaintiff was a creditor before the date on which the wife acquired title.

3. REMOVAL OF OBSTRUCTION TO COLLECTION OF JUDGMENT.—In order to entitle a creditor to have an alleged fraudulent obstruction to the collection of his judgment removed, and to have his claim enforced against property which he claims ought to be subject thereto, it is requisite that his judgment be made a lien on such property, either by the issuance and levy thereon of an execution, or by pursuance of the steps prescribed by statute for the purpose.

4. BILLS FOR RELIEF ON THE GROUND OF FRAUD.—As bills for relief on the ground of fraud are required by statute to be filed within three years after discovery of the facts constituting the fraud, an action cannot be maintained to subject to a judgment land alleged

to have been fraudulently transferred more than three years prior to its commencement, when it is not shown at what time the fraud was discovered, and there is no averment of the nature of the discovery, or of the facts ascertained.

*Appeal from District Court of Boulder County.*

IN 1889 Henry N. Coffey brought this suit against Anthony Arnett and Mary G., his wife, to cancel sundry conveyances which apparently vested the title to the described property in the wife. The bill set up that Coffey had obtained judgment against Arnett in the district court of Boulder county on September 14, 1888, for $680.80 and that prior to the rendition of judgment, and at the time when the indebtedness was incurred upon which judgment was rendered, Anthony Arnett was the owner of certain real property. There was no other statement in the bill as to the date when the indebtedness accrued or as to the circumstances under which it arose. The usual allegation of the issuance of a *fi. fa.* and its return unsatisfied was in the bill. The plaintiff then averred " that they had been informed and believed, and so on information and belief charged the truth to be, that each, all and every of the said above mentioned conveyances, and every one of them was and were not real ; but was and were mere sham, and made with the intention of delaying and defrauding plaintiffs," etc. He charged that no consideration was paid by any of the grantees, who became the grantors of the wife, who likewise obtained title without paying anything for the property. The dates of the several transfers were given, from which it appeared that part of the property was conveyed to one Jones in July, 1877, and that the conveyance from Arnett to Woodworth, and the conveyances by them to their grantees, and thence to Mrs. Arnett, were executed and delivered at various dates between that time and December, 1877. These various deeds and their dates were admitted, though the answer specifically denied the allegation of fraud and want of consideration, and in the usual form adopted in answers in equity made affirmative allega-

tion that the conveyances were made in good faith and for
a valuable consideration.   To avoid the statute of limita-
tions with reference to bills for relief on the ground of fraud,
the following allegation was made : " that he first learned
and became possessed of the information that the said vari-
ous conveyances hereinbefore charged and set forth were and
are fraudulent within the three months last passed, and that
he *first* learned and became possessed of the knowledge of
the facts constituting the aforesaid fraudulent transactions
of the said defendant, Anthony Arnett, in the aforesaid con-
veyances during the month of November, 1888." No other
allegation on the subject appears in the bill.   Issue was taken
upon this averment; but upon the trial no proof was offered
upon the subject.   At the trial the only evidence offered as
to the time when the indebtedness put into judgment in 1888
was incurred was the pleadings in that suit.   That was a suit
of Coffey against Arnett alone.   The complaint in that case
stated, that in 1873 Coffey and others were interested with
Mr. Arnett in the " Big Thing " lode, and that in order to
facilitate the procurement of the government title to the
property, he and his co-owners deeded to Arnett, with the
stipulation that Arnett should procure the patent and then
re-deed to the parties their respective interests ; it averred
the procurement of the patent in 1875, and the subsequent
sale in 1883 of the particular property to Johns and Yankee,
for $5,000, and sought to recover the one twelfth of the money
paid by them therefor.   It is needless to state the defenses
set up, further than to say that issue was taken upon all the
averments, and that the proceedings resulted in the judgment
which is the basis of this bill.   On the trial of the present
case evidence was introduced tending to show that the trans-
fers from Mr. Arnett to Jones, and from him to Sweet, and
from Sweet and Woodworth to Mrs. Arnett, were without
consideration, and that they were made for the purpose of
avoiding the liability supposed to exist against Mr. Arnett
upon an official bond.   The evidence offered by the plaintiff
demonstrated that Woodworth paid a consideration for the

title which he took, though the amount of it was not proven. A demurrer was originally interposed to the bill upon various grounds, and among others that it did not state facts sufficient to constitute cause of action. It was overruled and this order was followed by the answer. The decree vacated the various conveyances from Arnett to Jones, and Arnett to Woodworth, set aside the various deeds whereby Mrs. Arnett acquired title, and directed that the entire property should be subjected to the payment of Coffee's judgment.

Mr. WILLIAM E. BECK and Mr. O. F. A. GREENE, for appellants.

Mr. GEORGE S. ADAMS, for appellee.

BISSELL, J. It is universally agreed, that as against existing creditors, a debtor may not make a voluntary conveyance. To bring the case within this well recognized principle it must be shown by both allegation and proof that the debt to which the property is said to be subject existed at the time of the conveyance, unless there be present an intention to defraud creditors, whose rights are shortly expected to arise, and whose rights may thereafter supervene. *Wilcoxen v. Morgan*, 2 Colo. 473 ; *Sexton v. Wheaton*, 8 Wheat. 229 ; *Jackson v. Jackson*, 91 U. S. 122.

As against Anthony Arnett it is tolerably clear that Coffey's claim did exist prior to the time of the several conveyances which he made. While no evidence whatever was offered upon that subject, other than what may be drawn from the record of the case of *Coffey v. Arnett*, as against him, this seems to be ample for the purpose. In that suit an issue was fairly tendered as to the time and manner in which Arnett acquired the title to Coffey's one-twelfth interest in the lode. From the verdict in that case it must be assumed that Arnett took the title in trust and under an obligation to reconvey when he received the government patent. This obligation existed in 1873, prior to the date of the various

conveyances which he made. In cases where the judgment is silent as to the issue upon which it was rendered, it is entirely competent to resort to the pleadings for the purpose of determining what issue was tendered, and which may be said to be conclusively settled by the judgment. *Hinde's Lessee v. Longworth*, 11 Wheat. 199.

This does not enable the plaintiff to recover. In the absence of any other proof than what is furnished by this judgment and the pleadings the complainant, as against Mrs. Arnett, still remains a subsequent creditor. According to his own allegations the various deeds from Mr. Arnett, and the mesne conveyances which vested the title in Mrs. Arnett all antedated the judgment: and while the pleadings in that suit may, as against Arnett, demonstrate that the plaintiff was a creditor prior to these various transfers, they do not now avail as against the wife who was not a party to the record. When, therefore, it appeared from the plaintiff's own proof that Mrs. Arnett acquired title may years prior to the rendition of judgment, he was bound to show as against her, by competent testimony, that he was a creditor before the date on which she acquired title. *Miller etc. v. Johnson et al.*, 27 Md. 6.

The right of a judgment creditor to come into a court of equity to remove a fraudulent obstruction to the collection of his judgment, and to enforce a claim against property which ought to be subject thereto, is well established. But in a case like the present it is requisite that the judgment shall be made a lien upon the property which is to be subjected to it. Where the writ is thus operative the lien may possibly be acquired by the execution, but otherwise the judgment must be either a lien under the statute when entered, or must be made one by the taking of those steps which the statute points out. That in some way the lien must be acquired and exist at the time that the bill is filed is clearly settled. *Barnes v. Beighly*, 9 Colo. 475; *Newnan et al. v. Willetts*, 52 Ill. 98; *Miller et al. v. Davenson*, 3 Gilman, 513;

*Cornell v. Radway et al.*, 22 Wis. 260 ; *Stock Growers Bank v. Newton*, 13 Colo. 245 ; *Evans v. Hill*, 18 Hun. 464.

Under the statutes existing in this state at the time Coffey recovered his judgment in 1888, the judgment creditor could only obtain a lien on realty by filing a transcript of the docket with the recorder of the county. While equitable interests may undoubtedly be subjected to execution, and the title which the purchaser obtains may be made the subject of a bill to remove a cloud upon his title or to obtain a decree which shall establish his right to the property, these proceedings seem to be wholly unnecessary, provided the creditor makes his judgment a lien according to the form and course of the statute. *McFarran v. Knox et al.*, 5 Colo. 217 ; 13 Colo. *supra*; *Bobb v. Woodward et al.*, 50 Mo. 95.

Since the creditor pursued neither of those courses, and neither had the execution levied upon the interest and the interest sold and the title transferred to him, nor took the necessary steps to make the judgment a lien, he was wholly without right to the relief which he sought.

All bills filed for relief on the ground of fraud must, in this state, be filed within three years of the date at which the fraud was discovered. When the time is limited by statute all the authorities concur in holding that the complaint must state when the fraud was discovered, and that this averment must be supported by sufficient proof. *Pipe v. Smith*, 5 Colo. 146 ; *Carr v. Hilton*, 1 Curtis's C. C. 390 ; *Sublette v. Tinney, et al.*, 9 Cal. 424.

The averments must be distinct, full and specific, not only as to the time when the fraud was discovered, but also as to the nature and character of the discovery, and the facts which were ascertained. These allegations and competent proof upon the subject are alike requisite to the maintenance of the action. *De Mares v. Gilpin*, 15 Colo. 77 ; *Wood v. Carpenter*, 101 U. S. 135; *Manning v. San Jacinto Tin Co.*, 7 Sawyer 418.

Tested by these rules the plaintiff is absolutely without right of recovery. He filed his bill to set aside the various

transfers made by Arnett on the ground of fraud, and in order to maintain his action at the time he brought it alleged that he discovered the fraud within three months of the commencement of his.case. Issue was taken upon this allegation. The plaintiff produced no evidence in support of it. The record is absolutely silent upon this proposition. And since, under the law established by the foregoing authorities, both the averment and the proof are indispensable, it follows that the plaintiff is without right of recovery upon the case which he made. The judgment must be reversed.

*Reversed.*