[No. 4168.]

THE HOMESTEAD MINING COMPANY V. REYNOLDS.

**1. Practice—Pleading—Parties.**

The general rule is that a defendant must take advantage of a defect of parties by demurrer or answer, and if the objection is not thus raised it is waived, but this rule does not apply where the party is indispensable and where the court may not proceed to a decree or judgment without his presence.

**2. Fraudulent Conveyances—Parties.**

In an action to set aside a conveyance on the ground that it was made with the intent to delay and defraud creditors, where the grantor has parted with his entire interest in the property conveyed, he is not a necessary party.

**3. Fraudulent Conveyances—Evidence.**

In an action by a creditor of the grantor to set aside a conveyance on the ground that it was voluntary, and was made with the intention to hinder, delay and defraud existing creditors, it is incumbent upon the plaintiff to prove that the conveyance was purely voluntary, or that it was made with the intention to delay and defraud creditors.

**4. Fraudulent Conveyances—Consideration—Mining Company—Capital Stock.**

A conveyance of mining property to a mining company in exchange for capital stock of the company is based upon a valuable consideration, and the fact that the company paid no other consideration than its capital stock does not make the conveyance voluntary, or show that the conveyance was for the purpose of putting the property beyond the reach of creditors.

**5. Fraudulent Conveyance—Evidence.**

In an action against the grantee by a creditor of the grantors, to set aside a conveyance on the ground that it was voluntary and was made with the intention to delay and defraud creditors, the introduction in evidence of notes of the grantors to plaintiff dated prior to the conveyance, but without proving their execution, and of a judgment in favor of plaintiff against the grantors upon said notes, rendered subsequent to said conveyance in an action in which the grantee was not a party, is not sufficient to prove the existence of the indebtedness at the time the conveyance was made.

**6. Same—Insolvency.**

In an action to set aside a conveyance on the ground that it was made with the intention to defraud creditors, where at the time of the conveyance the grantors had property in value largely in excess of all liabilities, the fact that by reason of a panic or subsequent disaster, values were greatly depreciated so that the grantors were unable to pay their indebtedness does not establish the allegation of insolvency at the time of the conveyance.

*Appeal from the District Court of Arapahoe County.*

Action to have canceled as fraudulent certain deeds of real property and to have title thereto adjudged to be in plaintiff. On the 19th of June, 1890, David K. Wall and John T. Pursel owed the plaintiff, Martin Reynolds, certain sums of money, evidenced by promissory notes. Failing to pay the same, judgment was recovered by Reynolds against them in the district court of Arapahoe county, upon which an execution, directed to the sheriff of Gilpin county, was issued and levied upon certain mining claims in Gilpin county as the property of the judgment debt-

ors, and this property was afterwards sold under the execution and bid in by the judgment creditor. Another execution upon the same judgment and directed to the sheriff of Arapahoe county was issued and by the sheriff returned *nulla bona.*

Before rendition of this judgment the mining claims were conveyed by Wall and Pursel to the mining company, and the record title thereto was in it at the time of the judicial sale. This action to have the deeds from Wall and Pursel to the mining company canceled is grounded upon the allegations that the conveyance in question was a purely voluntary conveyance, and made with the intention to hinder, delay and defraud the grantors' creditors. It is virtually conceded that there was no actual intent to defraud, but the contention is that the result of the conveyance was to make the transaction necessarily a fraud in law. By the decree of the court the deeds were set aside and plaintiff was adjudged to be the owner of the property. Such other facts as are material to the questions determined are stated in the opinion.

Mr. A. B. Seaman and Mr. H. S. Silverstein, for appellant.

Mr. C. H. Brierly, for appellee.

Chief Justice Campbell, after the foregoing statement, delivered the opinion of the court.

1. Appellant contends that the judgment debtors were indispensable parties to this action, and cites Pomeroy on Remedies and Remedial Rights, § 347; *Allen v. Tritch,* 5 Colo., 222; *McPhee et al. v. O'Rourke,* 10 Colo., 301; *Deerfield v. Nims,* 110 Mass., 115; *Gaylords v. Kelshaw,* 1 Wall. 81; *Swan Land Co. v. Frank,* 148 U. S., 603; *Lyman v. Bonney,* 101 Mass., 562.

The general rule under our code is that a defendant must take advantage of a defect of parties by demurrer or answer, which was not done below; and if the objection is not-thus raised, it is waived. *Fitzgerald v. Burke,* 14 Colo., 559. This rule, however, does not apply to an indispensable party, and where the court may not proceed to a decree or judgment without his presence. *Allen v. Tritch, supra.; Colo. State Bank of Durango v. Davidson,* 7 Colo. App., 91. Appellant confidently asserts that, whatever the rule may be in other jurisdictions, for this state the *Allen case* lays down the doctrine that where a conveyance is attacked upon the ground that it was made with the intent to delay and defraud creditors, the grantor is an indispensable party, and a decree can not be entered without his presence.

A superficial reading of the opinion in that case might give color to the contention, but it is clear from the statement of facts that Allen, the judgment debtor, after his conveyance was a mortgagee of the property, and that the object of the action was to cancel not only the alleged fraudulent deed, but this mortgage; hence, under the facts of that case, as shown by the opinion in *G. W. Co. v. W. of A. M. Co.,* 12 Colo., 46, 63, Allen was held to be a necessary party. See, also, *Williams v. Carpenter,* 14 Colo. 477, 483. Where, as in this case, the alleged fraudulent grantor has parted with his entire interest in the property the title to which is brought in question, and where the action is brought against the fraudulent grantee to annul specific covinous conveyances, we think the better rule is that the fraudulent grantor is not a necessary party. In *Mulock v. Wilson,* 19 Colo., 296, 303, the case proceeded to final decree without the presence of the fraudulent grantor, although, it is true, the alleged defect of parties was not raised by either of the parties or by the court. This rule which

we now establish for this jurisdiction is supported by a number of cases collected in note 5 to § 129 of Wait on Fraudulent Conveyances (2d ed.) and Bump on Fraudulent Conveyances (4th ed.) in notes to § 556.

2. The decree ought not to stand. The plaintiff was not a subsequent creditor. On the contrary, he brings the action upon the theory that he was a creditor at the time of the alleged fraudulent conveyance. As such existing creditor, he seeks to have his title confirmed because the conveyance was not only voluntary, but made with the intention to hinder, delay and defraud existing creditors. As already said, no claim is made, nor does the proof show, that there was an actual intent on the part of the judgment debtors to perpetrate a fraud upon their creditors, and if there was fraud at all, it was what plaintiff denominates fraud in law; in other words, the necessary effect of the conveyance was a legal fraud in that it left the judgment debtors without sufficient property to pay their existing indebtedness. The action was not in any sense grounded upon the proposition that the conveyance in question was a deed of gift made in trust for the use of the donor, which would be void under sec. 2024 Mill's Ann. Stats., and appellee's claim that the case comes under that section is not borne out by the pleadings or the evidence. It was incumbent, therefore, upon the plaintiff, having adopted the theory just mentioned, to prove that the conveyance was purely voluntary, or that it was made with the intention to delay and defraud creditors.

The notes which evidenced the debt of Wall and Pursel were executed June 19, 1890. The conveyances made by them to the defendant company were made, one in February, 1892, the other one year later. The judgment upon these notes was rendered Feb-

ruary 3, 1896. The present action was begun January 28, 1899. The uncontradicted evidence is that this property was conveyed by Wall and Pursel to the mining company for the reason that it was believed by them that the claim could be worked and developed more satisfactorily by a corporation than by individuals, and they had good reason to believe that they would be able to sell the stock of the corporation in the east to raise money to develop the property, or to exchange it for vehicles, in the selling of which they were engaged in Denver.

No consideration in money was paid by the mining company to the grantors for the property conveyed, but it issued to them therefor the entire amount of its capital stock, most of which went to Pursel, who was the principal owner of the property. Some of it was issued to a Mr. Stoddard, from whom the company also received a conveyance of an interest in the same property.

Under our statute a transaction of this kind is sanctioned, and such consideration is considered a valuable consideration. The conveyance, therefore, was not a purely voluntary one in the sense that no valuable consideration was given. Mill's Ann. Stats., secs 490, 582; *Robinson v. Canal Co.,* 2 Colo. App., 17.

There are allegations in the complaint that the conveyance to the corporation was for the purpose of putting the property beyond the reach of the creditors of Wall and Pursel; but the mere fact—and there is no other proof—that the corporation paid no money, but issued its stock in payment for the property is, of itself, not proof of such intent, because it is a method of transacting business permitted by the statute. Unless, therefore, there was in this case an actual intent on the part of Wall and Pursel to defraud their creditors—which is not even

asserted in argument—or unless the conveyances in question necessarily incapacitated them from paying their debts, the plaintiff has failed. Mill's Ann. Stats., sec. 2033.

But the case is fatally defective in the entire absence of proof that plaintiff was a creditor of Wall and Pursel at the time the conveyances were made. The only evidence which plaintiff claims was responsive to that issue consisted in the production of the notes in controversy without establishing their execution, and the judgment and pleadings and records in the case of *Reynolds v. Wall and Pursel* under the judgment in which the sale took place. The defendant mining company was not a party or a privy to that suit, and is not bound by it. The judgment entry is evidence, possibly, that the indebtedness existed at the time of the institution of that action, certainly at the time of the rendition of the judgment. But as against a stranger it is not evidence of an indebtedness anterior to such time. The plaintiff should have gone farther and shown by competent proof the existence at the time of the conveyances of the indebtedness which was merged into the judgment. *Arnett v. Coffey*, 1 Colo. App., 34; *Ezzell v. Brown*, 121 Ala. 150; *Garrett v. Garrett*, 64 Ala. 263; *Lawson v. Warehouse Co.*, 73 Ala. 289.

An actual intent to defraud was absent. We find no proof that the effect of these conveyances made the judgment debtors insolvent; in other words, they did not thereby deprive themselves of the ability to pay their existing indebtedness. The showing is unquestioned that in 1892 and 1893, the respective dates of these conveyances, and until 1894, they had property amounting to about $200,000 in excess of all their liabilities, and certainly this would have enabled them to pay their indebtedness to plaintiff. The fact that, by reason of the panic of 1893, or subse-

quent disaster, values were greatly depreciated, and that it subsequently turned out that Wall and Pursel were not, as a matter of fact, able to pay their indebtedness, do not establish the allegation that they were insolvent at the time they conveyed this mining property to the defendant company.

We have not determined, though we have considered, many other objections argued by counsel. We deem it proper to observe, however, that many of the objections to the rulings below made by defendant are not of a character which either it or Wall or Pursel is in a position to urge in this action. Some of the irregularities and alleged defects in the title to the property which plaintiff obtained by sheriff's deed might be considered upon an appeal from, or writ of error to, that judgment, if prosecuted by some party thereby aggrieved, but not in a collateral attack by a stranger thereto, or even by a party. For another reason we do not pass upon them; if the record comes here again it may be upon a state of facts different from the one now before us.

The judgment is reversed and the cause remanded.                                    *Reversed.*