On Petition for Rehearing:

The statements made by counsel for defendant in error in their petition for rehearing, and in their printed brief, as well as oral argument in support thereof, indicate a conception of the views of this court so different from those expressed in the opinion or entertained by the court, and an understanding of the evidence so completely at variance with the record, that we feel constrained to take some notice thereof in denying the petition, proceeding on the assumption that counsel did not wilfully distort the plain meaning of the opinion, nor intentionally misstate the evidence.
1. We did not hold, as counsel state, that the Supreme Court, in Homestead Mining Co. v. Reynolds, 30 Colo., 330, *287 70 Pac., 442, decided that the issuance of capital stock in payment for property conveyed to the corporation was “a bar to an action to set aside the conveyance on the ground of fraud,” but that it was a valuable consideration for such conveyance, and that a subsequent creditor, relying on prior debts to invalidate the deed, must prove the existence of such debts at the time of conveyance.
2. It is true that the complaint alleged, and the answer admitted, that the transfer to the corporation was voluntary, but plaintiff was not satisfied with the admission, and proceeded to prove quite conclusively that it was not without a valuable consideration. However, our decision is not predicated in the slightest degree on that distinction. We regard it as immaterial, as to plaintiff, a subsequent creditor, in the absence of proof of existing debts at the time of the conveyance, or of actual intent thereby to defeat the just claims of creditors, existing or subsequent. The law holds certain transfers void as to creditors, although made in good fáith, and for want of a better term the term “constructive fraud” is often used as to such transfers. But the distinction between actual, intentional fraud, and so-called constructive fraud, although not important as to existing .creditors, is vital when subsequent creditors attempt to set aside the transfer. Counsel for defendant in error ignore or refuse to admit that distinction.
3. We did not hold that sec. 2665, R. S. ’08, was applicable to this case. We held that it was not, as that section applies to personal property only. Eppich v. Blanchard, 58 Colo. 139, 143 Pac. 1035. We considered the analogous common law rule as to real estate, that a transfer thereof to another, while the beneficial interest is retained by the grantor, is void as against creditors, to the extent at least of the interest so retained, but held that it is not applicable to the instant case, because there is no proof'of the retention by the grantor of a beneficial interest in the real estate. The relation of trustee and cestui que trust, existing be *288 tween a corporation and a stockholder, or the beneficial interest which every stockholder has in the assets of the corporation, do not per se bring the stockholder or the property conveyed by him to the corporation for stock, within the contemplation of the statute as to transfers of personal property, or the common law rule as to conveyances of real estate in trust for the grantor. To hold that it would create that relation would' conflict with and nullify the statute. Sec. 851, R. S. ’08; sec. 994, M. A. S. ’12, as construed in Homestead M. Co. v. Reynolds, supra. Moreover, such trust relation would certainly not operate to defeat the transfer in favor of a creditor whose claims accrued after the stock so received had been assigned. Neither the statute nor the rule mentioned is founded on the conception of actual fraud in the transaction, but that the owner of the beneficial interest is the real owner of the property. Of course, if the transfer to the corporation is a mere subterfuge, and thereafter the grantor possesses, controls and deals with the property as he did before, the creditor is not affected thereby. Such are not the facts of the instant case, as we showed in the opinion.
4. Counsel assert that the statement in the opinion that plaintiff at the trial conceded that The Fulton Investment Company maintained exclusive possession of and dominion over the real estate is not correct. That concession or admission is made by counsel at folio 229 of the record.
5. We find no conflict in the evidence that Trogler did not know of or consent to the settlement made with Ward. The testimony of Mrs. Ward, that Keitel told her that Trogler asked him to negotiate for settlement, was objected to, was incompetent, and cannot create a conflict. Keitel was not shown to be Trogler’s agent or representative. The contrary was shown. It must be presumed that the trial judge . did not consider such incompetent testimony. .
6. Counsel ridicule our reference to the fact that David Trogler and his brother, co-defendants with their *289 father in the Ward suits, were given and retained $10,000 worth of capital st9ck subject to execution if judgment had been obtained, as tending to controvert the legitimacy of an inference that the transfer was fraudulent. At the risk of giving occasion for further ridicule, we here call attention to the proof that Ward offered to settle for $75 (f. 198) the claim upon which he sued for $15,000, and that arbiters appointed at the suggestion of David Trogler fixed the damages at only $150, but that W. A. Trogler denied all liability and refused to pay any thereof (f. 246 et seq.). That was the alleged débt, to avoid which it is said that Trogler conveyed $100,000 worth of property to the defendant company. Under this evidence the suits savored of blackmail, precisely as Trogler treated them.
7. Counsel say that this court had no right to assume that the entire 800 acre tract of land levied on was sold, or that any of it was sold. It is true the printed record does not disclose that fact, but it was admitted in this court by counsel in his argument in the main case, and that plaintiffs had title through sheriff’s deed. The complaint states that the entire tract was levied on and had been advertised for sale by the sheriff. The decree of the court annulled and set aside the conveyance to the entire tract. Counsel now say that only 320 acres were sold. It is not so grossly unconscionable to sell property worth $20,000, to satisfy a judgment for $3,000, as it would be to sacrifice property worth $50,000 for that purpose, but we regard it as unconscionable, nevertheless. Plaintiff came into a court of equity and has not done equity.
8. Counsel object because we say that the findings of the court were general. The record so shows. It is true that counsel incorporated into their brief what purports to be special findings of the court; but we do not regard the brief as a part of the record, any more than we do the large volume of other matter, occurring after trial, sought to be imported into the record for our consideration. However, *290 we read and gave careful consideration to the alleged special findings, and accorded credit to such thereof as we believed were supported by competent evidence.
Decided April 12, A. D. 1915.
Rehearing denied June 18, A. D. 1915.
9. Counsel contend that W. A. Trogler’s testimony is contrary to evidence given by him before the Federal court. There is nothing in this record to show what his testimony in the Federal court was, and nothing to show that it conflicts.
Perceiving no reason for reopening the case, the petition for rehearing is denied.